**COTTONWOOD MALL SHOPPING CENTER, INC., Plaintiff,**

v.

**PUBLIC SERVICE COMMISSION of Utah et al., Defendants.**

No. 14568.

Supreme Court of Utah.

Jan. 12, 1977.

Keith E. Sohm, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for Public Service Commission of Utah.

S. G. Baucom and Robert Gordon, Salt Lake City, for Utah Power & Light.

ELLETT, Justice.

The plaintiff seeks a review of a ruling by defendant that plaintiff was a public utility and, therefore, subject to regulation by the Commission.

The ruling was made without the taking of any evidence and was based upon a false assumption that the matter was res judicata by reason of a Federal Circuit Court decision made in a case to which the Public Service Commission was not a party.[1]

The federal courts are required to follow the state law where the state courts have made a determination of the meaning of a state statute. However, where the state courts have not decided the matter, the federal courts are required to "divine" what will be our ruling.[2]

The conclusions of law made by the federal courts in such cases are not binding upon us nor upon the Public Service Commission. The only thing which would be res judicata, binding upon the plaintiff herein, would be a finding of a simple disputed fact devoid of legal conclusion. There are no such facts involved in this matter. Since the Public Service Commission was not a party to the federal case, it could only assume that some form of collateral estoppel would apply to any such a finding. Our applicable statute in this case is 54–2–1(20), U.C.A. 1953, Replacement Vol. 6A, which reads:

The term "electrical corporation" includes every corporation, cooperative association and person, their lessees, trustees and receivers or trustees appointed by any court whatsoever, owning, controlling, operating or managing any electric plant, or in anywise furnishing electric power, for public service or to its consumers or members for domestic, commercial or industrial use, within this state *except where electricity is generated on or distributed by the producer through*

1. *Cottonwood Mall v. Utah Power & Light Co., et al.,* 440 F.2d 36 (10th Cir. 1971).

2. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

*private property alone, i.e., property not dedicated to public use, solely for his own use, or the use of his tenants, or by an association of unit owners formed under the "condominium ownership act," chapter 111, Laws of Utah, 1963 [57–8–1 to 57–8–35], and not for sale to others.* [Emphasis added.]

The Cottonwood Mall, after reassurances from the members of the Public Service Commission that a privately operated power plant would not be a public utility and that no certificate of public convenience would be required so long as it serviced tenants only, commenced construction of a $1,500,000 electrical power facility which was completed in 1968. The plant and transmission system is located entirely on and within the privately-owned property of the plaintiff herein.

The case of *Garkane Power Company v. Public Service Commission* [3] is of interest. There it was held that a non-profit electric cooperative, which serves only its members is not a public utility. In that case, the corporation served its members who belonged to the association regardless of where they lived. In 1965 the statute was amended so that it now contains a section [4] which gives the Public Service Commission authority over a case having a factual basis such as was present in the *Garkane* case.

Subsection (20) cited above carries out an exception to that amendment, however, and that is where the following elements exist:

(1) The electricity must be generated and distributed entirely within private property; i.e., property not dedicated to a public use;

(2) The generation and distribution of electricity by the producer must be solely for his own use or for the use of his tenants; and

(3) The electricity must not be for sale to others.

The Commission misconstrued the binding effect of the federal case, to wit: It is not binding upon the Commission. The ruling is reversed and the matter remanded with directions to ascertain the facts; and, if the three elements above set out are found to be true, then the Commission is directed to find and hold that plaintiff is not a public utility and is not subject to regulation by the Commission.

Costs of appeal are awarded to plaintiff against the defendant, Utah Power And Light Company.

CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., does not participate herein.

WILKINS, J., having disqualified himself, does not participate herein.

---

**3.** 98 Utah 466, 100 P.2d 571 (1940).

**4.** Laws of Utah, 1965, Ch. 106, 54–2–1(29), now cited as 54–2–1(30), U.C.A. 1953, Replacement Vol. 6A.