2005 UT App 70

**TARGET TRUCKING and Workers' Compensation Fund, Petitioners,**

v.

**LABOR COMMISSION and Lynn I. Miles, Respondents.**

No. 20040920–CA.

Court of Appeals of Utah.

Feb. 17, 2005.

Floyd W. Holm, Salt Lake City, for Petitioners.

Virginius Dabney, Dabney & Dabney, St. George, for Respondents.

Before Judges GREENWOOD, JACKSON, and THORNE.

MEMORANDUM DECISION

PER CURIAM:

¶ 1 This case is before the court on Respondent Lynn Miles's motion to dismiss for lack of jurisdiction. *See* Utah R.App. P. 10. This is a review of a decision of the Labor Commission (Commission). The Administrative Law Judge (ALJ) entered a preliminary determination that Miles qualified for permanent total disability. The ALJ ordered Petitioner Target Trucking (Target) to submit a plan to rehabilitate or reemploy Miles. Target declined to submit a plan on the basis that they intended, and did, timely file a motion for review with the Commission. The ALJ then issued a final award of permanent total disability, having received no plan from Target.

¶ 2 The Commission overturned the ALJ's final order, but affirmed the ALJ's determination that Miles qualified for a preliminary determination of total disability. The Commission remanded in order for the ALJ to determine further issues, such as the rehabilitation or reemployment plan, in accordance with its decision. Target Trucking filed a petition for review from the Commission's decision.

¶ 3 Miles argues that the petition should be dismissed because no final agency action has occurred. He argues that the order affirming the ALJ's tentative order of total permanent disability was an interim order. Miles relies upon Utah Code section § 34A–2–413 (6)(a). *See* Utah Code Ann. § 34a–2–413 (6)(a) (2001). The provision

states that a finding by the Commission of permanent total disability is not final unless otherwise agreed by the parties, until a reemployment plan is prepared and considered. *See id.* The parties agree this has not happened.

¶ 4 Target, however, relies upon an agency rule, Utah Admin. Rule R612–1–10 (C)(1)(c), for its argument that the interim order is final. The rule states that a preliminary determination of permanent total disability, by the Commission or the Appeals Board, is a final agency action for purposes of appellate judicial review. *See id.*

¶ 5 There is also a Utah Supreme Court opinion that at least implies that the initial findings of permanent disability are not final. *See Thomas v. Color Country Mgmt.*, 2004 UT 12, 84 P.3d 1201. The court determined that "the present structure of the statute does prevent enforcement by abstract because it classifies the initial finding of permanent total disability as not final." *Id.* at ¶ 26.

¶ 6 The administrative rule conflicts with the statute. An administrative body's rules must conform to, rather than be inconsistent, with statute. *See Bradshaw v. Wilkinson Water Co.*, 2004 UT 38, ¶ 33, 94 P.3d 242. The rule must, therefore, yield to the statute. An interim order of permanent total disability is not final and appealable until the requirements of Utah Code section 34A–2–413(6)(b) are met. As a result, we dismiss the appeal for lack of jurisdiction without prejudice to filing of a timely appeal from a final agency order.

¶ 7 I DISSENT: WILLIAM A. THORNE JR., Judge.