2005 UT App 491

**AMERITEMPS, INC. and/or Hartford Insurance, Petitioners,**

v.

**LABOR COMMISSION, Workers' Compensation Fund, American Asbestos Abatement, and Johnny Albert, Respondents.**

No. 20040953–CA.

Court of Appeals of Utah.

Nov. 10, 2005.

Theodore E. Kanell and Joseph C. Alamilla, Plant Christensen & Kanell, Salt Lake City, for Petitioners.

Richard R. Burke, King Burke & Schaap PC, James R. Black, Black and Ingleby, Alan L. Hennebold, and Floyd W. Holm, Salt Lake City, for Respondents.

Before Judges McHUGH, ORME, and THORNE, Jr.

## OPINION

McHUGH, Judge:

■ ¶ 1 Ameritemps, Inc. (Ameritemps) and Hartford Insurance (collectively, Petitioners) seek judicial review of the Utah Labor Commission (Commission) Appeals Board's (Board) denial of their motion for review of a decision of a Commission Administrative Law Judge (ALJ) awarding Johnny Albert permanent total disability compensation benefits. *See* Utah Code Ann. § 34A–2–413 (Supp.2005).[1] We affirm.

## BACKGROUND

¶ 2 Over the span of approximately seven years, Albert was injured in a number of industrial accidents that occurred while he was working for various employers. With the exception of his final accident, Albert returned to work after each incident, despite having suffered some level of whole person impairment. In his final industrial accident, which occurred on June 16, 1997, while he was working for Ameritemps, Albert severely injured his left foot. Although he had four separate surgeries to correct the problems that resulted from this injury, Albert never returned to work.

¶ 3 Thereafter, Albert filed a claim with the Commission against Ameritemps for, among other things, permanent total disability compensation benefits. On December 17, 2002, a hearing was held before the ALJ, which addressed numerous claims Albert had filed with the Commission, including his claims against Ameritemps. Albert's other claims were for disability benefits arising out of industrial accidents that occurred while he was working for employers other than Ameritemps. On July 22, 2003, the ALJ issued a decision regarding Albert's claims.

¶ 4 As an initial matter, the ALJ noted in the decision that all of the parties opposing Albert's claims, including Ameritemps, had "conceded that [he] was permanently and

---

1. We recognize that "in workers' compensation claims, the law existing at the time of the injury applies in relation to that injury." *Brown & Root Indus. Serv. v. Industrial Comm'n*, 947 P.2d 671, 675 (Utah 1997). Because the relevant portions of the current version of this statute, *see* Utah Code Ann. § 34A–2–413 (Supp.2005), are substantively identical to the relevant portions of the version in effect at the time of Albert's injury, *see* Utah Code Ann. § 35–1–67 (Supp.1995), we cite to the most current version throughout this opinion as a convenience to the reader.

totally disabled," but that each party "alleged that an injury other than the one respectively defended by [each party] directly caused [Albert]'s permanent and total disability." The ALJ found, based upon a medical evaluation contained in the record, that the left foot injury Albert had suffered while working for Ameritemps "caused him a 4% whole person impairment." The ALJ also found that

> the preponderance of the evidence in this case revealed that despite the legion of medical and psychological impairments accumulated by [Albert] during the course of his life, he remained able to work until the injury he sustained on June 16, 1997[,] with Ameritemps. [His left foot injury] on June 16, 1997, with the subsequent four surgeries and 4% whole person permanent impairment, proved to be the proverbial straw that broke the camel's back. [Albert] never returned to work after the June 16, 1997 industrial accident, and thereafter by consensus remained permanently and totally disabled.

¶ 5 Based upon these findings, the applicable statute, *see* Utah Code Ann. § 34A–2–413 (Supp.2005), and the odd-lot doctrine, *see, e.g., Peck v. Eimco Process Equip. Co.*, 748 P.2d 572, 574–75 (Utah 1987); *Zupon v. Industrial Comm'n*, 860 P.2d 960, 963–64 (Utah Ct.App.1993), the ALJ concluded that Albert was permanently totally disabled and that the June 16, 1997 industrial accident, which occurred while Albert was employed by Ameritemps, "directly caused his permanent total disability." Accordingly, the ALJ entered an award of permanent total disability compensation benefits in favor of Albert and against Petitioners.

¶ 6 On August 21, 2003, Petitioners filed a motion for review with the Board. On May 2, 2004, the Board issued an order denying Petitioners' motion, affirming and adopting the ALJ's factual findings, and affirming the ALJ's decision as it applied to Petitioners. Petitioners now seek judicial review of that order.

## ISSUES AND STANDARDS OF REVIEW

 ¶ 7 Petitioners argue that this court does not have subject matter jurisdiction to review the Board's order. A challenge to subject matter jurisdiction presents a question of law, which we review for correctness. *See Beaver County v. Qwest, Inc.*, 2001 UT 81,¶ 8, 31 P.3d 1147.

 ¶ 8 Petitioners also argue that there is evidence in the record that precludes an award of permanent total disability compensation benefits to Albert and, as such, the Board incorrectly applied the law to the facts in this case. When reviewing the Board's decision, we will disturb its factual findings only if they are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63–46b–16(4)(g) (2004). Further, "[w]hen an agency has discretion to apply its factual findings to the law, we will not disturb the agency's application unless its determination exceeds the bounds of reasonableness and rationality." *Smith v. Mity Lite*, 939 P.2d 684, 686 (Utah Ct.App.1997) (quotations and citation omitted).

## ANALYSIS

¶ 9 Before arguing their challenge to the Board's substantive decision, Petitioners argue that there has been no final agency action creating subject matter jurisdiction in this court because the ALJ and the Board did not complete the two-step process set forth under the Workers' Compensation Act for establishing permanent total disability. *See* Utah Code Ann. § 34A–2–413 (Supp. 2005). In response, the Commission, Albert, American Asbestos Abatement, and Workers' Compensation Fund (collectively, Respondents) assert that Petitioners failed to preserve this issue for appeal and waived any argument that Albert is not permanently totally disabled. For the reasons set forth below, we affirm.

### I. Preservation and Waiver

 ¶ 10 Petitioners concede that they did not raise the issue of subject matter jurisdiction prior to their brief with this court. Notwithstanding that admission, we may consider it: "[Q]uestions regarding subject matter jurisdiction may be raised at any time because such issues determine whether a court has authority to address the merits of

a particular case." *Housing Auth. v. Snyder*, 2002 UT 28,¶ 11, 44 P.3d 724. In addition, because subject matter jurisdiction is a prerequisite to this court's power to consider the substantive issues, the requirement that the court have proper jurisdiction over the subject of the dispute cannot be waived. *See, e.g., Chen v. Stewart*, 2004 UT 82,¶ 34, 100 P.3d 1177; *Barnard v. Wassermann*, 855 P.2d 243, 248 (Utah 1993). Issues relating to subject matter jurisdiction are threshold questions that should be addressed before resolving other claims. *See Snyder*, 2002 UT 28 at ¶ 11, 44 P.3d 724. Because we conclude that Petitioners' challenge to subject matter jurisdiction is properly before us, we consider it before addressing their challenge to the Board's substantive decision.

## II. Subject Matter Jurisdiction

¶ 11 The Utah Administrative Procedures Act grants jurisdiction to the appellate courts over "final agency action[s]." Utah Code Ann. § 63–46b–14(1), (3)(a) (2004). Thus, the first issue for consideration is whether the Board's decision finding Albert permanently totally disabled is a "final agency action," *id.*, over which this court can exercise subject matter jurisdiction. To answer that question, we must examine the specific statutory provisions involved.

¶ 12 The procedure for establishing permanent total disability is set forth in the Workers' Compensation Act. *See id.* § 34A–2–413. Under that statutory scheme, the injured employee must first meet his or her burden of establishing permanent total disability and causation by a preponderance of the evidence. *See id.* § 34A–2–413(1)(b). The Commission must then consider the evidence to determine whether the employee is permanently totally disabled and unable to perform reasonably available work. *See id.* § 34A–2–413(1)(c). Before disability benefits can be awarded, however, the Commission must follow a two-step process outlined in section 34A–2–413. *See id.* § 34A–2–413(6). The Utah Supreme Court explained the procedure for awarding such benefits in *Thomas v. Color Country Management*, 2004 UT 12, 84 P.3d 1201, stating:

Section 34A–2–413(6) outlines the process an administrative law judge must follow when determining whether an injured employee is entitled to permanent total disability compensation. This section requires that a finding be issued in two parts—an initial finding and a final finding. The initial finding of permanent total disability triggers a review period in which the employer or its insurance carrier may submit a reemployment plan. [*See* Utah Code Ann.] § 34A–2–413(6)(a)(ii), (d). This subsection specifically states that the initial "finding by the [C]ommission of permanent total disability is not final, unless otherwise agreed to by the parties, until" the employer has the opportunity to submit a reemployment plan, the administrative law judge reviews this reemployment plan and the reemployment activities undertaken pursuant to statute, and the administrative law judge holds a hearing. *Id.* § 34A–2–413(6)(a). The intent of the reemployment plan is to determine whether the injured employee can be rehabilitated in order to reenter the workforce, and a final finding of permanent total disability is held in reserve until the possibilities of reemployment are either exhausted or abandoned. Only after all of these requirements have been met does the finding of permanent total disability become final.

*Thomas*, 2004 UT 12 at ¶ 21, 84 P.3d 1201. The Board's decision in this case was issued after the initial determination of total permanent disability, but before any opportunity for Petitioners to submit a reemployment plan. Thus, by the express terms of the Workers' Compensation Act, the "finding by the [Board] of permanent total disability is not final, unless otherwise agreed to by the parties, until" after the employer is given an opportunity to submit a reemployment plan. Utah Code Ann. § 34A–2–413(6)(a).

¶ 13 Respondents argue that the parties agreed that the initial determination of the Board was final as a result of a colloquy between the ALJ and counsel for Ameritemps. When the ALJ asked whether Ameritemps was challenging that Albert was permanently totally disabled, counsel for Ameritemps responded: "I don't have any proof to the contrary. I'm not here to sub-

mit proof on that issue." We agree with the ALJ's determination that Ameritemps conceded that Albert was permanently totally disabled for purposes of the initial finding of disability and causation. There is nothing in the discussion between the ALJ and counsel for Ameritemps, however, that supports a finding that Ameritemps intended to waive its right to submit a reemployment plan if the industrial accident that occurred while Albert was employed by Ameritemps was found to be the direct cause of Albert's permanent total disability. Thus, if this court has subject matter jurisdiction, it must be based on a conclusion that the initial determination of permanent total disability is a final agency action.

¶ 14 From a cursory reading of the Workers' Compensation Act's pronouncement that the initial determination is not final, it might appear that this court need inquire no further to conclude that the Board's order at issue is not a "final agency action," *id.* § 63–46b–14(1), (3)(a), and that this court is without subject matter jurisdiction. The analysis of the Utah Supreme Court in *Thomas,* however, requires that we consider both whether the initial determination by the Board is a "final order" of that agency, and separately, whether it is a "final agency action." *See* 2004 UT 12 at ¶ 14, 84 P.3d 1201. Although the terms are similar, they are different in their effect on this court's jurisdiction.

¶ 15 In *Thomas,* the Utah Supreme Court considered whether an initial determination of permanent total disability under section 34A–2–413 was a " 'final order' " of the Commission for which an abstract of judgment could be issued allowing the employee to enforce the temporary disability award in district court. *Id.* at ¶ 11. After reviewing the language of section 34A–2–413, the *Thomas* court concluded that "[b]ecause initial findings are not final orders, subsistence payment orders predicated upon initial findings are also not final orders." *Id.* at ¶ 25. In the absence of a final order from the Commission, no abstract was available. *See* Utah Code Ann. § 34A–2–212(1)(a) (2001) ("An abstract of any final order providing an award may be filed . . . in the office of the clerk of the district court of any county in the state.").

¶ 16 In reaching its conclusion, the *Thomas* court distinguished between a " 'final order' " of an agency that could support an abstract of judgment and a " 'final agency action' " that can confer subject matter jurisdiction on the appellate courts. *Thomas,* 2004 UT 12 at ¶ 14, 84 P.3d 1201.

> Although the Utah Administrative Procedures Act grants jurisdiction to the appellate courts over "final agency actions," it "does not specifically define" this term. *Barker v. Utah Pub. Serv. Comm'n,* 970 P.2d 702, 705 (Utah 1998). Since this act does not provide a definition, we developed the *Union Pacific* test to determine when administrative orders constitute "final agency actions" in order to invoke appellate jurisdiction. [*See Union Pac. R.R. Co. v. Utah State Tax Comm'n,* 2000 UT 40,¶ 16, 999 P.2d 17]. Unlike the term "final agency action," the term "final order" is defined in the Workers' Compensation Act. Because this act clearly defines "final order," we need not turn to *Union Pacific* for guidance on what constitutes a "final order" for which an abstract may issue. Thus, what constitutes a final order for purposes of appellate review is different than what constitutes a final order for purposes of the issuance of an abstract of an administrative award.

*Thomas,* 2004 UT 12 at ¶ 14, 84 P.3d 1201. The *Thomas* court then determined that an initial finding of permanent total disability was not a "final order" as defined by the Workers' Compensation Act. *See id.* at ¶ 25. But, the *Thomas* court did not consider whether an initial decision of the Commission finding permanent total disability is a "final agency action" that can confer subject matter jurisdiction on an appellate court for purposes of judicial review. It merely indicated that the analysis of that question should be performed using the test announced in *Union Pacific. See Thomas,* 2004 UT 12 at ¶ 15, 84 P.3d 1201.

■ ¶ 17 The recent per curiam decision from a divided panel of this court in *Target Trucking v. Labor Commission,* 2005 UT App 70, 108 P.3d 128 (mem.) (per cu-

riam), may have confused these two concepts. In *Target Trucking,* we dismissed an appeal of a preliminary determination of permanent total disability for lack of subject matter jurisdiction, relying on the statutory language. *See id.* at ¶ 6; *see also* Utah Code Ann. § 34A–2–413(6)(a) ("A finding by the [C]ommission of permanent total disability is not final, unless otherwise agreed to by the parties. . . ."). In doing so, this court made no distinction between a "final order" and a "final agency action," and did not apply the *Union Pacific* three-part test to determine whether we should exercise appellate jurisdiction. *See Union Pac.,* 2000 UT 40 at ¶ 16, 999 P.2d 17. In considering the issue now before this court, we apply that test to answer the initial question concerning this court's subject matter jurisdiction. "Although the *Union Pacific* test does not apply to determining what constitutes a 'final order' for which an abstract may issue under the Workers' Compensation Act, *Union Pacific* continues to be the standard by which 'final administrative action' will be judged for the purpose of judicial review." *Thomas,* 2004 UT 12 at ¶ 15, 84 P.3d 1201.

 ¶ 18 In *Union Pacific,* the Utah Supreme Court adopted the following three-part test to determine whether an agency action is final:

(1) Has administrative decision making reached a stage where judicial review will not disrupt the orderly process of adjudication?;

(2) Have rights or obligations been determined or will legal consequences flow from the agency action?; and

(3) Is the agency action, in whole or in part, not preliminary, preparatory, procedural, or intermediate with regard to subsequent agency action?

*Union Pac.,* 2000 UT 40 at ¶ 16, 999 P.2d 17. Agency actions that meet the foregoing test are appealable from the date of the order's issuance. *See id.*

 ¶ 19 Examining the Board's order under the three-part test set forth in *Union*

*Pacific,* we conclude that the order is a final agency action.

## A. Orderly Process of Adjudication

 ¶ 20 This matter comes to this court after the Board's denial of Petitioners' motion for review of the ALJ's decision. "[B]y denying reconsideration of its earlier findings and conclusions, the [Board] reached the end of its decision making process" on the issue of permanent total disability. *Id.* at ¶ 19. The Board's order denying Petitioners' motion for review includes a "Notice of Appeal Rights" section, which provides that a party may either (1) within twenty days of the date of the order, request that the Board reconsider the order, or (2) within thirty days of the date of the order, petition this court for judicial review of the order. A request for reconsideration was filed by a party that was involved in the proceedings before the Commission, but is not a party to this appeal. In the Board's order denying that request for reconsideration, the "Notice of Appeal Rights" section identified an appeal to this court as the only review available.[2] When the Board denied the request for reconsideration, that marked the end of its decision making process concerning the issue of permanent total disability.

Because of the nature of agency proceedings, final actions often take place seriatim, disposing completely of discrete issues in one order while leaving other issues for later orders. Such orders will be final as to any issue fully decided by that order and appealable any time from the date of that order to the last day to appeal the last final agency action in the case.

*Barker v. Utah Pub. Serv. Comm'n,* 970 P.2d 702, 706 (Utah 1998). Although issues remained unresolved concerning the possibility of reemployment, the question of whether Albert was permanently totally disabled was disposed of completely by the Board. Thus, "judicial review would not . . . interfere[ ] with the [Board]'s proceedings, since the

---

2. The Utah Supreme Court has indicated that "[a]lthough omission of this language is not dispositive for our purposes on the question of whether an agency order is final, it certainly signals . . . that the [agency] believes it is." *Union Pac. R.R. Co. v. Utah State Tax Comm'n,* 2000 UT 40, ¶ 19 n. 6, 999 P.2d 17.

[Board] had already refused to reconsider its prior order[ ]." *Union Pac.*, 2000 UT 40 at ¶ 19, 999 P.2d 17.

### B. Rights or Obligations Determined

■ ¶ 21 In the decision from which Petitioners appeal, the Board determined that Albert is permanently totally disabled and also awarded permanent total disability compensation payments to Albert to start immediately. Consequently, the second part of the *Union Pacific* test is met. *See Barker*, 970 P.2d at 706 (determining that agency action was final where "the language of the order makes clear that the [agency] determined obligations of the parties with which the parties must immediately comply"); *see also Union Pac.*, 2000 UT 40 at ¶ 20, 999 P.2d 17 (concluding that the second prong of the three-part test was met where taxpayer's tax obligations were determined).

### C. Preliminary, Preparatory, Procedural, or Intermediate

■ ¶ 22 The third step in determining whether agency action is final for purposes of appeal is an analysis of whether that action is, "in whole or in part, not preliminary, preparatory, procedural, or intermediate." *Union Pac.*, 2000 UT 40 at ¶ 16, 999 P.2d 17. The Utah Supreme Court has provided examples of the types of proceedings that are not final under this last prong of the *Union Pacific* analysis.

> The Utah cases on finality found no final order in the following circumstances: (1) a remand for further proceedings, *Sloan v. Board of Review*, 781 P.2d 463, 464 (Utah Ct.App.1989); (2) an order converting informal proceedings into formal ones, *Merit Elec. & Instrumentation v. Department of Commerce*, 902 P.2d 151, 153 (Utah Ct. App.1995); and (3) a denial of a motion to dismiss, *Barney v. Division of Occupational & Professional Licensing*, 828 P.2d 542, 544 (Utah Ct.App.1992). These cases do not involve actions in the nature of a seriatim final order; they all involve prelimi-

nary, preparatory, procedural, or intermediate decisions.

*Barker*, 970 P.2d at 706; *see also Union Pac.*, 2000 UT 40 at ¶ 21, 999 P.2d 17.

¶ 23 Although the Board's order leaves unresolved the issue of reemployment, it decides permanent total disability with finality. The order ended the decision making process at the agency level on this issue. Thus, the initial determination of permanent total disability was in the nature of a seriatim final order that was immediately appealable despite the fact that the agency still was required to conduct the second part of the section 34A–2–413 analysis to determine whether Albert can be rehabilitated.[3] To the extent our decision in *Target Trucking v. Labor Commission*, 2005 UT App 70, 108 P.3d 128 (mem.) (per curiam), holds otherwise, we disavow it and instead follow the mandate of the Utah Supreme Court in *Thomas v. Color Country Management*, 2004 UT 12, 84 P.3d 1201, to consider the issues of finality for purposes of appellate jurisdiction under the *Union Pacific* test, *see* 2000 UT 40 at ¶ 16, 999 P.2d 17.

¶ 24 This conclusion that the initial determination of permanent total disability is not a final order of the agency, but is a final agency action, also reconciles the statutory language with the applicable regulations. Section 34A–2–413(6)(a) expressly states that the initial determination is not final and, based on that language, the Utah Supreme Court held in *Thomas* that the initial determination is not a "final order" of the agency. *See* 2004 UT 12 at ¶ 25, 84 P.3d 1201. In contrast, the Commission's regulations state that "[a] preliminary determination of permanent total disability by the Labor Commissioner or [the] Board is a final agency action for purposes of appellate judicial review." Utah Admin. Code R612–1–10(C)(1)(c).

■ ¶ 25 Because the concepts of "final order" and "final agency action" are defined differently, the statute and the regulation can

---

**3.** This second step can be avoided if the parties agree that the finding of permanent total disability is final, *see* Utah Code Ann. § 34A–2–413(6)(a), or if the ALJ is provided with notice that the employer or its insurance carrier will not submit a reemployment plan. *See id.* § 34A–2–413(6)(a)(ii)(B).

be reconciled.[4] An initial determination of permanent total disability is not a final order of the agency and, therefore, an abstract of judgment cannot be issued to enforce a permanent total disability compensation award based on that preliminary finding. *See Thomas*, 2004 UT 12 at ¶ 25, 84 P.3d 1201. In contrast, the preliminary determination of permanent total disability does conclude the agency decision making on the initial question of whether Albert is permanently totally disabled. Thus, it is a seriatim final agency action, and this court does have subject matter jurisdiction to review it.

III. Substantive Review of Board's Order

¶ 26 Having concluded that we have subject matter jurisdiction to review the Board's order, we now turn to Petitioners' substantive challenge to that order. Petitioners argue that there is evidence in the record that precludes an award of permanent total disability compensation benefits to Albert and, therefore, the Board incorrectly applied the law to the facts in this case. We disagree.

¶ 27 To advance their argument that there is evidence in the record that precludes an award of permanent total disability compensation benefits, Petitioners selectively recite the portions of the record evidence that support their position. Based on that selective recitation of the facts presented to the agency, Petitioners assert that the Board should have reached a different conclusion. This argument amounts to an indirect challenge to the Board's factual findings concerning the June 16, 1997 industrial accident, and is an attempt by Petitioners to reargue the weight of the evidence in favor of their position, which is a futile tactic on appeal. *See Questar Pipeline Co. v. Utah State Tax Comm'n*, 850 P.2d 1175, 1178 (Utah 1993) ("[W]hen reviewing an agency's decision, [we do] not ... reweigh the evidence."). Further, we will not disturb the Board's findings simply because another conclusion can be drawn from the evidence in the record. *See Whitear v. Labor Comm'n*, 973 P.2d 982, 984 (Utah Ct.App.1998) (stating that "findings will 'not be overturned if based on substantial evidence, even if another conclusion from the evidence is permissible' " (citation omitted)). Because Petitioners do not directly challenge any of the Board's factual findings concerning the June 16, 1997 industrial accident, we assume that they are supported by the record and do not disturb them.[5] *See Heber City Corp. v. Simpson*, 942 P.2d 307, 312 (Utah 1997) ("When a party fails to challenge a factual finding and marshal the evidence in support of that finding, we 'assume[ ] that the record supports the finding[ ] ....' " (first alteration in original) (citations omitted)).

¶ 28 Petitioners also argue that the Board misapplied the law to the facts of this case. More specifically, Petitioners argue that had the Board made different factual findings based upon the aforementioned evidence that supports their position, it would have reached a different legal conclusion. Given that we have already rejected Petitioners' arguments concerning the Board's factual findings, we must determine whether the Board's application of the law to those undisturbed findings "exceeds the bounds of rea-

---

4. In *Target Trucking v. Labor Commission*, 2005 UT App 70,¶ 6, 108 P.3d 128 (mem.) (per curiam), this court concluded, without applying the *Union Pacific* test for finality, that the administrative rule was in conflict with the express statutory provisions. Because we hold that a preliminary determination of permanent total disability is a final agency action, but not a final order of the agency, we now harmonize the rule and the statute.

5. Even if Petitioners had directly challenged the Board's factual findings concerning the June 16, 1997 industrial accident, that challenge would have failed because Petitioners failed to marshal the evidence in support of those findings in their opening brief. *See Campbell v. Box Elder County*, 962 P.2d 806, 808 (Utah Ct.App.1998) ("When a party fails to marshal the evidence supporting a challenged fact finding, we reject the challenge as nothing more than an attempt to reargue the case before [the appellate] court." (alteration in original) (quotations and citation omitted)). Moreover, after this failure was noted by Respondents in their briefs, Petitioners attempted to undertake the marshaling burden in their reply brief and, after doing so, admitted that there was evidence in the record that "could support" the Board's findings. Our review of the record indicates that the Board's findings are "supported by substantial evidence when viewed in light of the whole record." Utah Code Ann. § 63–46b–16(4)(g) (2004).

sonableness and rationality." *Smith v. Mity Lite,* 939 P.2d 684, 686 (Utah Ct.App.1997) (quotations and citation omitted).

¶ 29 In relevant part, the statute governing permanent total disability compensation benefits provides:

(b) To establish entitlement to permanent total disability compensation, the employee has the burden of proof to show by a preponderance of evidence that:

(i) the employee sustained a significant impairment or combination of impairments as a result of the industrial accident or occupational disease that gives rise to the permanent total disability entitlement;

(ii) the employee is permanently totally disabled; and

(iii) the industrial accident or occupational disease was the direct cause of the employee's permanent total disability.

Utah Code Ann. § 34A–2–413(1)(b)(i)–(iii).

¶ 30 The Board made findings relevant to each of these elements. With respect to the first element, the ALJ found [6] that "the preponderance of the evidence in this case established that [Albert]'s industrial accident with Ameritemps on June 16, 1997[,] caused him a 4% whole person impairment due to his left foot injury." The ALJ also found that the preponderance of the evidence revealed that the injury Albert suffered as a result of the June 16, 1997 industrial accident, "with the subsequent four surgeries and 4% whole person permanent impairment, proved to be the proverbial straw that broke the camel's back." Concerning the second element, the ALJ found that Albert "never returned to work after the June 16, 1997 industrial accident, and thereafter by consensus remained permanently and totally disabled." Finally, as to the third element, the ALJ found that "the preponderance of the evidence in this case established that [Albert]'s industrial accident of June 16, 1997[,] acted as the direct cause of his permanent total disability."

¶ 31 Based upon these undisturbed findings, the Board concluded that Albert was permanently totally disabled and that the June 16, 1997 industrial accident, which occurred while Albert was employed by Ameritemps, "was the direct cause of his permanent total disability." Accordingly, the Board entered an award of permanent total disability compensation benefits in favor of Albert and against Petitioners. Given that the Board made the appropriate findings to support its conclusion under the statute, we cannot say that its conclusion "exceeds the bounds of reasonableness and rationality." *Mity Lite,* 939 P.2d at 686 (quotations and citation omitted). Therefore, we affirm the Board's order denying Petitioners' motion for review of the ALJ's decision.

## CONCLUSION

¶ 32 The Board's preliminary determination of permanent total disability is a seriatim final agency action, and this court does have subject matter jurisdiction to review it. After reviewing the Board's order, we conclude that its factual findings were based upon substantial evidence and that its application of the law to those findings did not exceed the bounds of reasonableness and rationality. Therefore, we affirm.

¶ 33 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.

---

6. In its order, the Board "affirm[ed] and adopt[ed] [the ALJ]'s findings of fact."