2007 UT 8

**AMERITEMPS, INC., and/or Hartford Insurance, Petitioners,**

v.

**UTAH LABOR COMMISSION, and Johnny Albert, et al., Respondents.**

No. 20051119.

Supreme Court of Utah.

Jan. 19, 2007.

Theodore E. Kanell, Joseph C. Alamilla, Salt Lake City, for petitioners.

Alan L. Hennebold, Salt Lake City, for Utah Labor Commission.

Richard R. Burke, Salt Lake City, for Albert.

Floyd W Holm, James R. Black, Salt Lake City, for Workers' Compensation Fund of Utah.

WILKINS, Associate Chief Justice:

¶ 1 We granted certiorari in this case to determine a single issue: whether an initial finding of permanent total disability under Utah Code section 34A–2–413 constitutes a final agency action for purposes of appellate review. We agree with the court of appeals that it does.

## BACKGROUND

¶ 2 Over a period of several years, respondent Johnny Albert suffered a series of injuries in work-related accidents, the last of which occurred while he was working for petitioner Ameritemps, Inc. ("Ameritemps"). The Utah Labor Commission (the "Commission"), pursuant to Utah Code section 34A–2–413,[1] found Albert to be permanently totally disabled as a result of his accidents and ordered Ameritemps to pay permanent total disability compensation. Ameritemps then filed a petition for judicial review of the Commission's decision with the Utah Court of Appeals.

¶ 3 Before the court of appeals, Ameritemps challenged the Commission's decision on two bases. First, Ameritemps argued that evidence precluded an award to Albert of permanent total disability and that the Commission had therefore incorrectly applied the law to the facts. Second, Ameritemps claimed that the Commission had failed to finalize its finding of permanent total disability under the statute.

¶ 4 Section 34A–2–413(6)(a) of the Utah Code states that a "finding by the commission of permanent total disability is not final, unless otherwise agreed to by the parties," until a second-step proceeding to consider reemployment takes place. Ameritemps maintained that because the Commission did not hold this second-step proceeding, its finding of permanent total disability was never "final" under this statute. Consequently, because Utah appellate courts have jurisdiction over only "*final* agency actions," Ameritemps paradoxically requested that its own petition for review be dismissed for lack of jurisdiction.

¶ 5 The court of appeals rejected both of Ameritemps' arguments, holding the Commission's finding of permanent total disability to be a final agency action subject to judicial review and affirming the Commission's decision on the merits. We granted certiorari solely on the issue of jurisdiction.

## ANALYSIS

¶ 6 Challenges to subject matter jurisdiction present questions of law, which we review for correctness. *Beaver County v. Qwest, Inc.*, 2001 UT 81, ¶ 8, 31 P.3d 1147.

¶ 7 The sole issue before us is whether a finding by the Commission of permanent total disability under Utah Code section 34A–2–413 constitutes a final agency action for purposes of appellate review. We affirm the court of appeals' holding that it does and that jurisdiction was therefore proper. The court of appeals correctly interpreted and applied the relevant case law and statutes. We

1. For convenience, we cite to the current version of this statute, as did the court of appeals. *See* *Ameritemps, Inc. v. Labor Comm'n*, 2005 UT App 491, ¶ 1 n. 1, 128 P.3d 31.

adopt its well-reasoned, clearly articulated analysis. *See Ameritemps, Inc. v. Labor Comm'n*, 2005 UT App 491, 128 P.3d 31. In doing so, we reaffirm our prior case law analyzing the finality of agency actions.

¶ 8 Under the Utah Administrative Procedures Act, an appellate court may exercise jurisdiction only over agency decisions that are "final agency actions." Utah Code Ann. § 63–46b–14(1), (3)(a) (2004). To the unwary, however, the Workers' Compensation Act may appear to be contradictory in saying that a "finding by the commission of permanent total disability is *not final*, unless otherwise agreed to by the parties, until" certain second-step proceedings take place. Utah Code Ann. § 34A–2–413(6)(a) (2005) (emphasis added).

¶ 9 The court of appeals correctly relied on our opinion in *Thomas v. Color Country Management*[2] to distinguish between a "final order" for enforcement purposes and a "final agency action" for purposes of appellate judicial review. *See Ameritemps*, 2005 UT App 491, ¶¶ 12–16, 128 P.3d 31. With this distinction, although the Commission's finding was not "final" for all purposes under section 34A–2–413(6)(a), it was possible to be final enough to constitute a "final agency action" subject to judicial review within the meaning of section 63–46b–14.

¶ 10 The court of appeals then applied, correctly, the test we articulated in *Union Pacific Railroad Co. v. Utah State Tax Commission*[3] to determine that the Commission's finding of permanent total disability did constitute a final agency action subject to appellate judicial review. *See Ameritemps*, 2005 UT App 491, ¶¶ 17–25, 128 P.3d 31. We agree with the court of appeals' thoughtful analysis and affirm its holding.

¶ 11 We feel constrained to comment briefly on the briefing and argument in this case. For the most part, the parties disregarded the question on which we granted certiorari, and they treated superficially, if at all, the rule of law at issue. Only the Workers' Compensation Fund addressed it and was thereby helpful to our analysis. Ameri-

temps apparently did not regard our request as meaningful and elected to mount its challenge elsewhere. It saw no distinction between a final order and a final agency action. Albert's decision to address three issues not included in our grant of certiorari and to dismiss as insignificant the question we did include was likewise of little assistance.

¶ 12 In light of these circumstances, we considered dismissing the matter for failure of the parties to adequately brief the issue. However, the clarity and correctness of the court of appeals' analysis was sufficient to allow us to resolve any misunderstanding that may have existed about the current state of the law.

### CONCLUSION

¶ 13 Although a Commission finding pursuant to Utah Code section 34A–2–413 of permanent total disability is "not final" under that statute until certain second-step proceedings take place, such a finding does constitute a "final agency action" within the meaning of Utah Code section 63–46b–14 for purposes of appellate judicial review. Affirmed.

¶ 14 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.