2010 UT 27

**HEBER LIGHT & POWER COMPANY, Petitioner,**

v.

**UTAH PUBLIC SERVICE COMMISSION and Rocky Mountain Power Company, Respondents.**

Nos. 20090053, 20090385.

Supreme Court of Utah.

April 30, 2010.

Joseph T. Dunbeck, Jr., Joseph A. Skinner, Heber City, Gary A. Dodge, Salt Lake City, for petitioner.

Sander J. Mooy, Salt Lake City, for respondent Utah Public Service Commission.

Mark C. Moench, R. Jeff Richards, Gregory B. Monson, Scott S. Newman, Salt Lake City, for respondent Rocky Mountain Power.

PARRISH, Justice:

## INTRODUCTION

¶ 1 Rocky Mountain Power ("Rocky Mountain") initiated this action by filing a complaint with the Public Service Commission ("Commission"). Rocky Mountain alleged that Heber Light & Power ("Heber Light") was providing electrical service in the Heber Valley in violation of the Certificate of Convenience and Necessity that the Commission issued to Rocky Mountain, which granted Rocky Mountain the exclusive right to provide electricity in the area. In an effort to resolve the dispute, the parties requested several stays from the Commission, but were unable to come to a resolution. Heber Light then filed a motion to dismiss claiming that the Commission lacked subject matter jurisdiction to hear the claim because Heber Light was not a public utility. The Commission denied the motion to dismiss and entered a scheduling order indicating that it had the authority to determine the extent to which Heber Light could continue to provide power to customers outside its municipal boundaries and the extent of Commission jurisdiction. Heber Light filed an Application for Agency Review of the Order, which was rejected.

¶ 2 Heber Light then filed a petition for review in this court or, in the alternative, a petition for extraordinary relief. We deny the petition for review because the Commission's order is not final agency action. But we grant the petition for extraordinary relief and reverse the Commission's order.

## BACKGROUND

¶ 3 Heber Light is an energy services interlocal entity comprised of several municipalities organized under the Utah Interlocal Cooperation Act. Utah Code Ann. § 11–13–101 to –314 (2007). The municipalities, which include Heber City, Midway City and Charleston Town, have been in the business of providing electricity in the Heber Valley for nearly a hundred years. Entities organized under the Interlocal Cooperation Act are considered governmental entities and therefore are not generally subject to Commission jurisdiction. *See* Utah Const. art. VI, § 28 ("The Legislature shall not delegate to any special commission ... any power to make, supervise or interfere with any municipal improvement, money, property or effects ... or to perform any municipal functions."); Utah Code Ann. § 11–13–203(1) (2007) ("An interlocal entity is ... (c) a political subdivision of the state"). There are, however, statutory restrictions on the power of these entities. Under Utah law, municipalities can sell only surplus electricity to customers outside of their municipal boundaries. *See* Utah Code Ann. § 10–8–14(1)(d) (2007). Heber Light admitted in its answer to Rocky Mountain's complaint that it regularly provides power to customers outside of its municipal boundaries.

¶ 4 Rocky Mountain is a public utility company that is subject to the jurisdiction and control of the Commission. The Commission granted Rocky Mountain a Certificate of Public Convenience and Necessity for the Heber Valley area, which gives Rocky Mountain the exclusive right to provide electricity to customers who are part of unincorporated Wasatch County. This creates an overlap between those customers serviced by Heber Light outside its municipal boundaries and those within Rocky Mountain's certificated area. Rocky Mountain argues that Heber Light is subject to Commission jurisdiction when it acts beyond its municipal authority and interferes with Rocky Mountain's exclusive ability to provide electrical service in unincorporated Wasatch County.

## JURISDICTION

¶ 5 The Utah Supreme Court has appellate jurisdiction only over final agency action.

*See* Utah Code Ann. § 78A–3–102(3)(e) (2008). The court may also, in its discretion, grant extraordinary relief when a party is without a plain, speedy, and adequate remedy in any other forum. *See id.* § 78A–3–102(2); Utah R. of Civ. P. 65B(a). In this case, the Commission's order does not qualify as a final agency action and we therefore lack jurisdiction to hear the appeal. But we exercise our discretion to grant Heber Light an extraordinary writ to determine whether the Commission can continue to adjudicate Rocky Mountain's complaint against Heber Light.

## STANDARD OF REVIEW

■ ¶ 6 The question of Commission jurisdiction turns on statutory interpretation and therefore presents a question of law that we review for correctness. *See ExxonMobil Corp. v. Utah State Tax Comm'n*, 2003 UT 53, ¶ 10, 86 P.3d 706 (granting no deference for agency interpretation of oil and gas valuation methods); *see also Indus. Commc'ns, Inc. v. Utah State Tax Comm'n*, 2000 UT 78, ¶ 11, 12 P.3d 87 (applying a correction of error standard to the Tax Commission's interpretation of Utah Code Ann. § 59–12–103 and giving no deference to the agency). As such, we accord no deference to the Commission's interpretation of the statute.

## ANALYSIS

### I. THE COMMISSION ORDER DENYING HEBER LIGHT'S MOTION TO DISMISS IS NOT FINAL AGENCY ACTION

■ ¶ 7 The Utah Supreme Court has jurisdiction over "final orders and decrees in formal adjudicative proceedings originating with … the Public Service Commission." Utah Code Ann. § 78A–3–102(3)(e)(i) (2008). We have articulated a three-part test to determine whether an agency decision qualifies as final agency action for purposes of appellate jurisdiction:

(1) Has administrative decisionmaking reached a stage where judicial review will not disrupt the orderly process of adjudication?;

(2) Have rights or obligations been determined or will legal consequences flow from the agency action?; and

(3) Is the agency action, in whole or in part, not preliminary, preparatory, procedural, or intermediate with regard to subsequent agency action?

*Union Pac. R.R. Co. v. Utah State Tax Comm'n*, 2000 UT 40, ¶ 16, 999 P.2d 17. All three questions must be answered in the affirmative for an order to qualify as final agency action. *Id.* The Commission's order does not qualify.

### A. The Orderly Process of Adjudication

¶ 8 The Commission's order did not constitute an end to the process of adjudication. Rather, it was simply a denial of Heber Light's motion to dismiss. In *Ameritemps, Inc. v. Utah Labor Commission*, the Utah Court of Appeals held that the agency's order was final because "the [Board] reached the end of its decision making process on the issue of permanent total disability." 2005 UT App 491, ¶ 20, 128 P.3d 31, *aff'd*, 2007 UT 8, 152 P.3d 298 (internal quotation marks omitted)(alteration in original). Furthermore, the Board's order contained a "Notice of Appeal Rights" section specifying the party's appeal options, indicating that the Board's review was complete. *Id.*

¶ 9 Unlike the order at issue in *Ameritemps*, the Commission's order in this matter denied only the pending motion to dismiss. It did not decide whether or not Heber Light was in fact exceeding its municipal powers and infringing on Rocky Mountain's certificated area, but rather opined that the Commission had the authority to complete its administrative process and make such a determination. Far from ending the administrative process, the order signaled the beginning of the process, a process that would be disrupted were Heber Light allowed to appeal.

### B. Rights or Obligations Determined

¶ 10 The Commission's order did not confer any rights or obligations upon the parties.

Unlike the situation in *Ameritemps,* where the Board awarded permanent total disability compensation payments after a finding of total disability, 2005 UT App 491, ¶ 20, 128 P.3d 31, the Commission in this case did not reach any final determination regarding Heber Light's authority to provide power. The order stated, "[t]o the extent [Heber Light] serves those extra-territorial customers, and to the extent it is acting just like any other public utility, it seems the legislature intended it would be considered a corporation, association, etc. and would be subject to commission jurisdiction as would any other public utility." Because the Commission's order did not finally determine whether Heber Light is in fact operating in a way that would subject it to Commission regulation, the order did not determine Heber Light's rights and obligations.

### C. Preliminary, Preparatory, Procedural, or Intermediate

¶ 11 The Commission's order is clearly a preliminary ruling. Indeed the Commission was still in the process of adjudicating the dispute after the order was issued. In *Barker v. Utah Public Service Commission,* we identified three prior Utah cases evaluating finality and

> "found no final order in the following circumstances: (1) a remand for further proceedings, *Sloan v. Board of Review,* 781 P.2d 463, 464 (Utah Ct.App.1989); (2) an order converting informal proceedings into formal ones, *Merit Elec. & Instrumentation v. Department of Commerce,* 902 P.2d 151, 153 (Utah Ct.App.1995); and (3) a denial of a motion to dismiss, *Barney v. Division of Occupational & Professional Licensing,* 828 P.2d 542, 544 (Utah Ct.App. 1992)."

970 P.2d 702, 706 (Utah 1998).

¶ 12 The *Barney* case is particularly instructive. In *Barney,* the Division of Occupational and Professional Licensing filed a petition alleging that the petitioner in that case was guilty of unprofessional conduct. 828 P.2d at 543. The petitioner filed with the Division a motion to dismiss for lack of subject matter jurisdiction based on double jeopardy grounds since the petitioner had previously been acquitted of the abuse charges that served as the basis of the unprofessional conduct complaint. *Id.* His motion was denied. *Id.* Despite the serious nature of his double jeopardy motion, the court of appeals determined that the denial of his motion to dismiss did not constitute final agency action and was therefore not subject to appellate review. *Id.* Like the order denying the motion to dismiss in *Barney,* the Commission's order denying Heber Light's motion to dismiss is only preliminary and is therefore not subject to appellate review.

¶ 13 Because Heber Light has not met its burden of showing that the Commission order constitutes a final appealable agency action, we now consider its request for extraordinary relief.

## II. HEBER LIGHT CANNOT OBTAIN PLAIN, SPEEDY, AND ADEQUATE RELIEF FROM THE COMMISSION BECAUSE THE COMMISSION LACKS REGULATORY JURISDICTION OVER HEBER LIGHT

■ ¶ 14 This court, within its discretion, may grant relief to a petitioner under Utah Code section 78A–3–102(2) by issuing an extraordinary writ. Rule 65B(a) of the Utah Rules of Civil Procedure states that the court may issue an extraordinary writ if there is "no other plain, speedy[,] and adequate remedy" available. In some situations, we have held that the process of exhausting administrative remedies and then appealing from a final agency action does not constitute plain, speedy, or adequate relief—particularly in those situations where an administrative agency is acting outside of its legislative jurisdiction. *See Adolph Coors Co. v. Liquor Control Comm'n,* 99 Utah 246, 105 P.2d 181, 183 (1940). In other words, requiring that a party participate in an administrative process in front of an agency lacking jurisdiction constitutes neither plain, speedy, nor adequate relief.

■ ¶ 15 Such was the case in *Adolph Coors Co.*, where the Liquor Control Commission was enforcing a regulation that prohibited the Coors brewing company from selling 8–ounce bottles of beer. *Id.* The regulation was based on the Commission's interpretation of a statute that granted it the authority to forbid the selling of bottles in excess of 64 ounces. *Id.* at 182. Coors petitioned for a writ of prohibition [1] to prevent the Commission from enforcing the regulation. *Id.* This court held that the regulation was an invalid interpretation of the statute and therefore the Commission lacked jurisdiction to prohibit the sale of 8–ounce bottles. *Id.* at 183. To deny the writ and force Coors to carry out the administrative appeal process before the Commission would "subject it to criminal prosecution throughout the state, subject it to fines, if convicted, and to a possible forfeiture of its license, if it fail[ed] to pay the fines." *Id.* We concluded that to "force the case through the ordinary channels of procedure would be an injustice." *Id.* We therefore granted the writ of prohibition and allowed the brewery to continue to sell 8–ounce bottles. *Id.*

¶ 16 Rocky Mountain argues that Heber Light has an adequate remedy in allowing the Commission to conclude its administrative process and then appealing any final adverse order. We disagree. Subjecting Heber Light to the administrative process when the agency conducting that process lacks jurisdiction is neither plain, speedy, nor adequate. As was the case with the Liquor Control Commission's interpretation of the statute in *Adolph Coors Co.*, the Public Service Commission's interpretation is invalid. As we discuss below, Utah Code section 54–4–1 does not give the Commission jurisdic-

tion to regulate Heber Light when it sells power outside of municipal boundaries. We therefore see no reason to require that Heber Light be forced to continue with the administrative process.

## III. THE COMMISSION MAY NOT ASSERT REGULATORY JURISDICTION WITHOUT AN EXPRESS STATUTORY GRANT OF AUTHORITY.

■■ ¶ 17 " 'It is well established that the Commission has no inherent regulatory powers other than those expressly granted or clearly implied by statute.' " *Hi–Country Estates Homeowners Ass'n v. Bagley & Co.*, 901 P.2d 1017, 1021 (Utah 1995) (quoting *Mountain States Tel. & Tel. Co. v. Pub. Serv. Comm'n*, 754 P.2d 928, 930 (Utah 1988)). "When a 'specific power is conferred by statute upon a . . . commission with limited powers, the powers are limited to such as are specifically mentioned.' " *Id.* (quoting *Union Pac. R.R. v. Pub. Serv. Comm'n*, 103 Utah 186, 134 P.2d 469, 474 (1943)). "Accordingly, to ensure that the administrative powers of the [Commission] are not overextended, any reasonable doubt of the existence of any power must be resolved against the exercise thereof." *Id.* (internal quotation marks omitted).

¶ 18 In this case, the Commission relies on a number of statutes and cases to argue that a gap exists in the regulatory scheme, which requires that the Commission have the ability to regulate entities like Heber Light when they provide power outside municipal boundaries. Whether or not such a gap exists, it is nevertheless improper for the Commission to

---

1. A writ of prohibition was one of the many common-law writs that we now classify as extraordinary relief. *See Union Portland Cement Co. v. Pub. Util. Comm'n of Utah*, 56 Utah 175, 189 P. 593, 596 (1920) (internal quotation marks omitted) (The court described the writ as a "process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong

about to be inflicted by the act of the inferior tribunal.") The standard is the same for both a writ of prohibition and extraordinary relief. Where a petitioner cannot obtain a "plain, speedy, and adequate remedy" a writ is available at the discretion of the court. *Id.* (The writ of prohibition was limited by Comp. Laws Utah 1917, Section 7408: "It may be issued by the Supreme Court to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law.").

regulate Heber Light absent clear authority from the legislature. And the legislature has failed to confer such authority. Under applicable statutes, the Commission may only regulate "every public utility" and Heber Light does not fit within that definition. *See* Utah Code Ann. § 54–4–1 (2000).

¶ 19 Under applicable rules of statutory construction, "we look first to the statute's plain language to determine its meaning." *Sill v. Hart*, 2007 UT 45, ¶ 7, 162 P.3d 1099 (internal quotations marks omitted.) We also "interpret [the statute's] provisions in harmony with other provisions in the same statute and with other statutes under the same and related chapters". *Id.* (quoting *State v. Schofield*, 2002 UT 132, ¶ 8, 63 P.3d 667). "[I]f we find ambiguity in the statute's language, we look to legislative history and other policy considerations for guidance." *Summit Water Distrib. Co. v. Summit County*, 2005 UT 73, ¶ 17, 123 P.3d 437 (internal quotation marks omitted).

¶ 20 Under the plain language of the statute, the Commission has the authority to regulate "public utilities." Utah Code Ann. § 54–4–1 (2000). The Utah Code includes an "electrical corporation" within the definition of a "public utility." *Id.* § 54–2–1(16)(a)(Supp. 2009).[2] An "electrical corporation" is further defined as, "every corporation, cooperative association, and person...." *Id.* § 54–2–1(7)(Supp. 2009). These three subgroups are further defined within statutes and case law. We conclude that Heber Light does not fit the definition of any group subject to Commission regulation.

¶ 21 A "corporation," as it is defined in the public utility code, expressly excludes "towns, cities, counties, conservancy districts, improvement districts, or other governmental units created or organized under any general or special law of [Utah]." *Id.* § 54–2–1(5)(b) (Supp. 2009). Because Heber Light is a governmental unit organized under the In-

terlocal Cooperation Act, it cannot be a corporation. *See id.* §§ 11–13–101 to –314 (2007).

¶ 22 A "cooperative association" is a non-profit, member-owned organization that only serves its members. *See Cottonwood Mall Shopping Ctr. Inc. v. Pub. Serv. Comm'n*, 558 P.2d 1331, 1332 (Utah 1977). It is generally formed by a group of rural citizens who are unable to obtain electrical service under any other arrangement. *See id.* Because Heber Light is a governmental entity organized under the Interlocal Cooperation Act, it is not owned by individual members and cannot be a "cooperative association."

¶ 23 Finally, "person" as used in the public utility code is defined as "all individuals, corporations, partnerships, associations, trusts, and companies." Utah Code Ann. § 54–2–2 (2000). "Governmental entities" were at one time included within the definition of a person. *See id.* § 54–2–1(18) (1986) (In 1986, the utility code defined "person" as "all individuals, *government entities*, corporations, partnerships, associations, trusts, and companies and their lessees, trustees, and receivers." (emphasis added)). However, in 1989 the legislature amended the statute and deleted "governmental entities" from the definition of a "person." *See* Public Utilities Definitions, ch. 20, § 2, 1989 Utah Laws 36. Thus, Heber Light cannot qualify as a "person" subject to Commission regulation. This conclusion is buttressed by the transcripts from the 1989 hearing on the amendment, which demonstrate that the legislative intent was to prevent the Commission from exercising general jurisdiction over governmental entities by excluding them from the definition of a person. *See* Transcript of House Floor Debate on S.B. 43 (Jan. 28, 1989) (Statement of Sen. Moody).

¶ 24 In summary, Heber Light is simply not subject to regulation by the Commission.

---

**2.** Although this case was initiated in 2008, we cite to the 2009 Supplement to the Utah Code because, while the numbering of the relevant statutes has been updated, there are no material changes to the substance of the relevant statutes between the 2008 and 2009 Supplements.

Even though the Commission is only asserting limited jurisdiction, authority to regulate governmental entities in any respect cannot be read into the statute. Rather, the statutory language and the legislative history show an intention to exclude governmental entities from Commission jurisdiction.

¶ 25 Lacking legislative authorization to regulate governmental units when they provide power outside their municipal boundaries, the Commission may not continue to adjudicate the case initiated by Rocky Mountain. Heber Light's motion to dismiss should have been granted because the Commission lacks authority to hear the dispute. We therefore exercise our discretion to grant the extraordinary writ and reverse the Commission's order.

¶ 26 If, in fact, Heber Light may be acting beyond its statutory authority by providing power to customers outside of its municipal boundaries, our holding today would not excuse that fact. Just as the Commission is confined to the authority granted to it by statute, so too are municipalities bound by statute. *See* Utah Code Ann. § 10–8–14 (2007) (describing the powers of a city to distribute water, sewer, gas, electricity, and public transportation). Municipalities may distribute electricity to customers within their boundaries, but for those customers beyond the municipal borders, a municipality may only distribute surplus power. *Id.* § 10–8–14(1)(d) (2007). If Heber Light has been providing power to customers in unincorporated Wasatch County, those customers would have no protection from rate hikes or unfair treatment and no vote on municipal matters. The fact that these customers have no recourse with the Commission may be troubling. However, until the Utah State Legislature confers authority on the Commission to regulate municipalities acting beyond their statutory authority, the Commission may not regulate Heber Light and the proper forum for Rocky Mountain's complaint is in the district court.

## CONCLUSION

¶ 27 We lack jurisdiction to review the Commission's order under the Utah Administrative Procedures Act because the order is not final agency action. However, we choose to exercise our discretion to issue an extraordinary writ and reach the merits of Heber Light's claim. The Commission may act only pursuant to express power delegated from the legislature and the legislature has not vested authority in the Commission to regulate municipalities such as Heber Light, even if they are selling nonsurplus power beyond their municipal boundaries. As a result, we reverse the Commission's order denying the motion to dismiss. The proper forum for resolving Rocky Mountain's claim that Heber Light has exceeded its statutory authority is in the district court.

¶ 28 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.