2000 UT 40

### UNION PACIFIC RAILROAD COMPANY, Petitioner,

v.

### UTAH STATE TAX COMMISSION, Respondent.

Beaver County, Box Elder County, Cache County, Davis County, Iron County, Juab County, Millard County, Morgan County, Salt Lake County, Summit County, Tooele County, Utah County, Washington County, and Weber County, Intervenors.

Union Pacific Railroad Company, Plaintiff and Appellant,

v.

Utah State Tax Commission, Defendant and Appellee.

Nos. 970527, 980304, 981417.

Supreme Court of Utah.

April 21, 2000.

Robert A. Peterson, Karen L. Martinez, Salt Lake City, for Union Pacific.

Jan Graham, Att'y Gen., John C. McCarrey, Michelle Bush, Asst. Att'ys Gen., Salt Lake City, for the Tax Commission.

Bill Thomas Peters, Salt Lake City, for the Intervening counties.

DURHAM, Justice:

¶ 1 This case arises from a dispute between Union Pacific Railroad Company ("UPRR") and the Utah State Tax Commission ("Tax Commission") over the valuation of UPRR's assets for ad valorem tax purposes for the tax years 1991 through 1994. Several Utah counties (the "Counties") in which UPRR does business were also parties to the dispute before the Tax Commission.

¶ 2 Dissatisfied with the Tax Commission's findings of fact and conclusions of law regarding the Property Tax Division's (the "PTD") valuation, UPRR petitioned the Third District Court for review. That court dismissed UPRR's complaint for lack of subject matter jurisdiction. UPRR subsequently filed a petition for judicial review with this court and appealed the district court's order dismissing UPRR's complaint. We consolidated the appeal and the petition and now hold that this court lacks jurisdiction because UPRR failed to timely file its petition for judicial review in both this court and the district court.

## BACKGROUND AND PROCEDURAL HISTORY

¶ 3 UPRR is a wholly owned subsidiary of Union Pacific Corporation which owns transportation property in nineteen states including Utah. Each of the nineteen states in

which UPRR operates values UPRR's property annually to determine the amount of state tax UPRR must pay. Utah's Tax Commission, through the PTD, assesses UPRR's property value for ad valorem tax purposes. Once the PTD determines the property value as a whole and allocates a portion to Utah, Utah's allocation is apportioned to individual counties in which UPRR does business, and the counties subsequently levy the ad valorem taxes against UPRR.

¶ 4 UPRR disagreed with the PTD's assessment of its taxable property values for the years 1991 through 1994 and appealed to the Tax Commission. Each of the parties, UPRR, the PTD, and the Counties, submitted an appraisal report to the Tax Commission. The Tax Commission held formal hearings and entered an order containing its findings of fact, conclusions of law, and final decision ("First Order") on March 18, 1997, concluding that the values contained in the PTD's appraisal were acceptable subject to certain adjustments. The Tax Commission stated that it would accept the PTD's final values after the PTD made the adjustments mandated by the Tax Commission.[1] The Tax Commission's First Order was dated and signed, and contained the following notice:

> NOTICE: You have twenty (20) days after the date of a final order to file a Request for Reconsideration with the Commission. If you do not file a Request for Reconsideration with the Commission, you have thirty (30) days after the date of a final order to file (a) A Petition for Judicial Review in the Supreme Court, or (b) A Petition for Judicial Review by trial de novo in district court. (Utah Administrative Rule R861–1A–5(P) and Utah Code Ann. §§ 59–1–601(1), 63–46b–13 et seq.)

¶ 5 On April 2, 1997, the Counties requested reconsideration of the Tax Commission's decision. Two days later, the PTD submitted its final appraisal values as mandated by the Tax Commission in the First Order, and in an April 9, 1997 letter, the PTD made a further adjustment. On April 9, 1997, the Tax Commission acknowledged receipt of the Counties' motion for reconsideration, allotted thirty days for the parties to respond, and took the matter under advisement. Shortly thereafter, on April 15, 1997, the Tax Commission issued a second order ("Second Order") accepting the PTD's adjusted values as provided in the April 4th and April 9th letters. The Second Order set forth the state allocation values assessed to UPRR property for the four years at issue and contained the same notice as the First Order, allowing twenty days to file for reconsideration and thirty days to file for judicial review.

¶ 6 UPRR filed a petition for reconsideration on April 30, 1997. Although unclear from the record, UPRR apparently sought reconsideration of the First Order. In an order issued on May 19, 1997 ("Third Order"), the Tax Commission stated that UPRR could not request reconsideration of the First Order because the twenty-day time limitation had elapsed, and affirmed its findings of fact and conclusions of law contained in the First Order. The Third Order also contained a notice. This notice, however, differed from the notice printed on the first two orders because it did *not* include the provision indicating that the petitioner had twenty days to request reconsideration of the Tax Commission's final order.[2]

¶ 7 In a May 23, 1997 order ("Fourth Order"), the Tax Commission again upheld its findings of fact and conclusions of law, this time in response to the Counties' April 2nd request for reconsideration. The Fourth Order included a notice identical to the one in the Third Order, enumerating only a thirty-day time period to file a petition for judicial review.

---

1. The Tax Commission found a defect in the PTD's discounted cash flow and equity forecast discounted cash flow methods as well as the PTD's determination of the equity factor for the capitalization rate. The Tax Commission requested that the PTD adjust its appraisal accordingly before the Tax Commission accepted its final appraisal values.

2. The notice printed on the Third Order read:
   > NOTICE: You have thirty (30) days after the date of a final order to file (a) a Petition for Judicial Review in the Supreme Court, or (b) a Petition for Judicial Review by trial de novo in District Court. (Utah Administrative Rule R861–1A–5(P) and Utah Code Ann. §§ 59–1–601(1), 63–46b–13 et seq.)

¶ 8 On July 17, 1997, fifty-five days after the Fourth Order was issued, UPRR filed a complaint and petition for trial de novo in the Third District Court. The Tax Commission moved to dismiss the complaint for lack of subject matter jurisdiction. On November 6, 1997, UPRR filed a separate petition for review with this court. We ordered a stay of the proceedings on November 24, 1997, pending the resolution of rehearing petitions filed in *Evans & Sutherland Computer Corp. v. Utah State Tax Commission,* 953 P.2d 435 (Utah 1997).

¶ 9 On February 26, 1998, the Third District Court granted the Tax Commission's motion to dismiss for lack of subject matter jurisdiction, relying on the recent holding of this court in *Evans & Sutherland.* The district court did not address the issue of whether UPRR's petition for review was timely filed. After UPRR filed its notice of appeal, we consolidated UPRR's petition for review with its appeal of the district court's dismissal.

## ANALYSIS

¶ 10 UPRR does not dispute that it filed its petition for review with the district court fifty-five days after the Fourth Order. UPRR argues, however, that the Tax Commission never issued a "final" appealable order, and thus UPRR was not required to petition either this court or the district court within the thirty-day period following the date of the Fourth Order's issuance. UPRR requests that we remand this case to the Tax Commission "for issuance of a final order." However, if any or all of the Tax Commission's orders were final, UPRR's petitions to both this court and the district court were untimely. We hold that, at a minimum, the

Tax Commission's Fourth Order was the last final agency action in this case. Thus, UPRR failed to timely file its petitions for judicial review.

## I.  FINAL AGENCY ACTION

¶ 11 Utah Code section 78–2–2(3) bestows appellate jurisdiction to this court from final orders originating with the Tax Commission.[3] *See* Utah Code Ann. § 78–2–2(3)(e)(ii) (1996). Section 78–2–2 also provides that "[t]he [Utah] Supreme Court shall comply with the requirements of Title 63, Chapter 64b, in its review of agency adjudicative proceedings." *Id.* Chapter 46b of title 63 of the Utah Code contains the Administrative Procedures Act. *See id.* §§ 63–46b–0.5 to –22 (1997 Supp. 1999). The section of chapter 46b relevant to this appeal states: "A party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is issued or is considered to have been issued under Subsection 63–46b–13(3)(b)."[4] *Id.* § 63–46b–14(3)(a) (1997). Therefore, once a final order is issued, the aggrieved party has thirty days to file a petition for judicial review.[5]

¶ 12 "The Utah Administrative Procedures Act [Utah Code Ann. §§ 63–46b–0.5 to –22] does not specifically define 'final agency action.'" *Barker v. Utah Pub. Serv. Comm'n,* 970 P.2d 702, 705 (Utah 1998). Our opinion in *Barker,* however, contains extensive guidelines.

¶ 13 Specifically, we held in *Barker* with regard to finality of agency actions, that:

> Because of the nature of agency proceedings, final actions often take place seriatim, disposing completely of discrete issues in

---

3.  The pertinent text of the statute reads:
    (3) The Supreme Court has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:
    . . .
    (e) final orders and decrees in formal adjudicative proceedings originating with:
    . . .
    (ii) the State Tax Commission. . . .
    Utah Code Ann. § 78–2–2(3)(e)(ii) (1996).

4.  Section 63–46b–13 allows a party to file a request for reconsideration from a final agency

action within twenty days of the final action's issuance. *See* Utah Code Ann. § 63–46b–13 (1997).

5.  If, however, the party seeks reconsideration within the twenty-day allotted time period under section 63–46b–13, and the agency does not respond within twenty days, the reconsideration is deemed denied on the twentieth day, and the thirty-day clock under subsection 63–46b–14(3)(a) is activated.

one order while leaving other issues for later orders. *Such orders will be final as to any issue fully decided by that order* . . . .

*Id.* at 706 (emphasis added). In effect, we held that a "final agency action" refers to questions that have been "fully decided." We relied in *Barker* on two related definitions of the term used in federal and model state law.

¶ 14 First, we discussed the United States Supreme Court's definition of "finality" in *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970). The Supreme Court announced the following definition of "final agency action" with respect to the 1988 Administrative Orders Review Act:

[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action.

*Id.* at 71, 91 S.Ct. 203.

¶ 15 Second, we extracted the following definition of "final agency action" from the 1981 Model State Administrative Procedure Act ("MSAPA"): " 'the whole or a part' of any action which is not 'preliminary, preparatory, procedural, or intermediate with regard to subsequent agency action of that agency or another agency.' " *Barker,* 970 P.2d at 706 (quoting 1981 Model State Admin. P. Act § 5–102(b)(2)).

■ ¶ 16 Thus, the appropriate test to determine whether an agency action is final under Utah law includes three parts:

(1) Has administrative decisionmaking reached a stage where judicial review will not disrupt the orderly process of adjudication?;

(2) Have rights or obligations been determined or will legal consequences flow from the agency action?; and

(3) Is the agency action, in whole or in part, not preliminary, preparatory, proce-

dural, or intermediate with regard to subsequent agency action?

Agency actions that meet the foregoing test are appealable from the date of the order's issuance until the "last day to appeal the *last* final agency action in the case." *Barker,* 970 P.2d at 706 (emphasis added).

## II. FINALITY OF THE TAX COMMISSION'S FOURTH ORDER

■ ¶ 17 In the present case, the Tax Commission issued four orders. Because the only question we decide today is whether UPRR timely filed its petitions for judicial review, we need only consider whether the *last* Tax Commission action—the Fourth Order—constituted "final agency action." The finality (or lack thereof) of the first three orders is irrelevant because, under *Barker,* a party may appeal all final orders until the time period to appeal the last final agency action in the particular case expires.

¶ 18 The Fourth Order denied the Counties' request for reconsideration of the Tax Commission's findings of fact and conclusions of law, enumerated in the First Order. The First Order and the Second Order, together, resolved all the issues in UPRR's case. Both UPRR and the Counties, however, filed requests for reconsideration. In the Third and Fourth Orders, the Tax Commission denied both UPRR's and the Counties' requests and reaffirmed its findings and conclusions in the appeal. Examining the Fourth Order under the three-part "finality" test used in *Barker* and set forth above, the Fourth Order is unequivocally a "final agency action."

¶ 19 First, by denying reconsideration of its earlier findings and conclusions, the Tax Commission reached the end of its decisionmaking process. The language of the Fourth Order expressly demonstrates that the Tax Commission confirmed its findings and conclusions "as issued" and that it did not intend to reconsider any of its prior decisions. This fact is underscored by the language of the notice printed on the Fourth Order, which omitted the reference to the twenty-day limit on requests for reconsideration that had been

in the first two orders.[6] Furthermore, the parties failed to ask the Tax Commission for further action within the applicable time limit, which was their obligation if they believed the Tax Commission was wrong in its assessment of its action as final. Therefore, " 'the process of administrative decisionmaking [had] reached a stage where judicial review [would] not [have] disrupt[ed] the orderly process of adjudication.' " *Barker v. Utah Pub. Serv. Comm'n,* 970 P.2d 702, 706 (Utah 1998) (quoting *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970)). In particular, judicial review would not have interfered with the Tax Commission's proceedings, since the Tax Commission had already refused to reconsider its prior orders.

¶ 20 Second, the Fourth Order affirmed the Tax Commission's earlier decisions determining the proper valuation methodology to assess UPRR's tax obligation to the state of Utah. Thus, UPRR's tax obligations were determined, meeting the second part of the *Barker* test.

¶ 21 Finally, the Fourth Order was clearly not preliminary, preparatory, procedural, or intermediate. As we noted in *Barker,* orders remanding the case for further proceedings,[7] converting informal proceedings into formal ones,[8] and denying motions to dismiss [9] "involve preliminary, preparatory, procedural, or intermediate decisions." *Barker,* 970 P.2d at 706. Although not exhaustive, this list demonstrates what kinds of orders are preliminary, preparatory, procedural, or inter-

mediate. In comparison, the Fourth Order did not remand the valuation issues for further proceedings; nor did the Fourth Order deny motions to dismiss. Instead, the Fourth Order denied requests to reconsider the Tax Commission's holdings made in the process of formal proceedings and ended its decisionmaking process by leaving no issues unresolved. Thus, the Fourth Order meets the three-part *Barker* test in its entirety.

¶ 22 Moreover, the Fourth Order was by any measure the *last* final agency action. No subsequent action was taken by the Tax Commission. Therefore, the time period for UPRR to appeal began to run, at the very latest, on the date the Fourth Order issued.

### III. UPRR'S UNTIMELY FILING

¶ 23 UPRR filed a petition for judicial review in both this court and the district court. Section 78–2–2 of the Utah Code grants this court appellate jurisdiction over a Tax Commission's *final* order subject to Title 63, Chapter 46b. Thus, the thirty-day time limitation for a party to file a petition for judicial review of an agency action under subsection 63–46b–14(3)(a) applies to UPRR's request for judicial review of the Tax Commission's action. Section 59–1–601 of the Utah Code grants the district court jurisdiction to review, by trial de novo, Tax Commission decisions resulting from formal administrative proceedings.[10] *See* Utah Code Ann. § 59–1–601 (Supp.1999). This court, as well as the Court of Appeals, has strictly honored the statutory time limitation

---

6. Although omission of this language is not dispositive for our purposes on the question of whether an agency order is final, it certainly signals to the taxpayer that the Tax Commission believes it is.

7. *See Barker,* 970 P.2d at 706 (citing *Sloan v. Board of Review,* 781 P.2d 463, 464 (Utah Ct.App. 1989)).

8. *See id.* (citing *Merit Elec. & Instrumentation v. Department of Commerce,* 902 P.2d 151, 153 (Utah Ct.App.1995)).

9. *See id.* (citing *Barney v. Division of Occupational & Prof'l Licensing,* 828 P.2d 542, 544 (Utah Ct.App.1992)).

10. This section states:

(1) In addition to the jurisdiction granted in Section 63–46b–15, beginning July 1, 1994, the district court shall have jurisdiction to review by trial de novo all decisions issued by the commission after that date resulting from formal adjudicative proceedings.
(2) As used in this section, "trial de novo" means an original, independent proceeding, and does not mean a trial de novo on the record.
(3) (a) In any appeal to the district court pursuant to this section taken after January 1, 1997, the commission shall certify a record of its proceedings to the district court.
(b) This Subsection (3) supersedes Section 63–46b–16 pertaining to judicial review of formal adjudicative proceedings.
Utah Code Ann. § 59–1–601 (Supp.1999).

for filing a petition for judicial review of a final agency action under subsection 63–46b–14(3)(a). *See Dusty's, Inc. v. Auditing Div.*, 842 P.2d 868 (Utah 1992) (holding appeal untimely when filed three days late); *see also Maverik Country Stores v. Industrial Comm'n*, 860 P.2d 944 (Utah Ct.App.1993) (dismissing appeal because appellant filed petition for review one day late); *Bonded Bicycle Couriers v. Dep't of Employment Sec.*, 844 P.2d 358 (Utah Ct.App.1992) (holding that filing after thirty-day statutory limitation period has expired is untimely and thus no jurisdiction exists).

■ ¶ 24 UPRR filed its petition for judicial review with this court on November 6, 1997. As determined above, the Tax Commission's last final agency order was issued on May 23, 1997. UPRR's petition to this court was filed over 150 days later. With regard to the district court petition, UPRR filed a complaint and petition to the district court on July 17, 1997, fifty-five days after the Tax Commission issued its Fourth Order. Under *Barker* a final order is appealable until "the last day to appeal the last final agency action in the case." *Barker*, 970 P.2d at 706. We therefore hold that the final date that UPRR could have timely filed a petition for judicial review with either this court or the district court was June 22, 1997. Hence, UPRR's petitions for judicial review in both this court and in the district court were filed untimely.

### CONCLUSION

¶ 25 For the foregoing reasons, we hold that the Tax Commission's Fourth Order was unambiguously the last final agency action in this case and that UPRR's petitions for judicial review in both this court and the district court were filed late, thus depriving both courts of jurisdiction. We therefore affirm the district court's dismissal of the petition before it, albeit on alternative grounds,[11] and dismiss UPRR's petition for review to this court.

11. We do not decide today whether the district court correctly dismissed UPRR's appeal based on our decision in *Evans & Sutherland*, 953 P.2d

¶ 26 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM's opinion.

435, inasmuch as neither party raised this issue in either their briefs or oral arguments.