2011 UT App 110

**John H. RATHMANN, Petitioner,**

v.

**LABOR COMMISSION, Haliburton Energy Services, and ACE Property and Casualty Insurance, Respondents.**

No. 20110076–CA.

Court of Appeals of Utah.

April 7, 2011.

John H. Rathmann, Phoenix, Arizona, Petitioner Pro Se.

Mark D. Dean and Kristy L. Bertelsen, Salt Lake City, for Respondents Haliburton Energy Services and ACE Property and Casualty Insurance.

Before Judges DAVIS, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 John R. Rathmann petitions for judicial review of the Labor Commission's order affirming the dismissal of his claim for benefits without prejudice. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review. However, after reviewing the record, it appears that this court lacks jurisdiction over the petition and must dismiss it.

¶ 2 The Labor Commission issued its order on December 27, 2010. Rathmann filed a request for reconsideration on January 18, 2011, then filed this petition for judicial review on January 24, 2011. The request for reconsideration remains pending, however, and deprives this court of jurisdiction.

¶ 3 Judicial review is available only for final agency actions. *See* Utah Code Ann. § 63G–4–401 (2008). A party must exhaust administrative remedies before filing a petition for review. *See id.* Although the step of seeking reconsideration is optional, *see id.* § 63G–4–302(1)(b), once reconsideration is initiated, it must be followed through before seeking judicial review. *See Maverik Country Stores v. Industrial Comm'n,* 860 P.2d 944, 951 (Utah Ct.App.1993).

[A] petitioner who decides to file a request for reconsideration no longer has a 'final agency action' from which to appeal.... Petitioners who choose to take advantage of the statutory provision that allows them to request reconsideration must thereafter accept the consequences, one of which is that an appeal to the judicial system cannot be made until the agency acts on the request.

*Id.* at 951 n. 11.

¶ 4 Accordingly, the petition is dismissed without prejudice to the filing of a petition for review after the entry of a final order.