2013 UT App 62

# THE UTAH COURT OF APPEALS

GREG HOLLENBACH,

*Petitioner,*

*v.*

SALT LAKE CITY CIVIL SERVICE COMMISSION AND
SALT LAKE CITY CORPORATION,

*Respondent.*

Per Curiam Decision
No. 20121073-CA
Filed March 7, 2013

Original Proceeding In This Court

Marcus M. Mumford and Bret W. Rawson,
Attorneys for Petitioner

Martha S. Stonebrook and J. Elizabeth Haws,
Attorneys for Respondent Salt Lake City Corporation

Before JUDGES ORME, THORNE, and ROTH.

PER CURIAM:

¶1    Greg Hollenbach seeks review of the Salt Lake City Civil Service Commission's December 13, 2012 discovery and pre-hearing order. This matter is before the court on Salt Lake City Corporation's motion for summary disposition based upon lack of jurisdiction.[1]

---

1. Salt Lake City Corporation filed a motion to intervene indicating that it is a party to the underlying proceeding and has an interest in the outcome of the proceedings. This motion is granted.

¶2     Utah Code section 10-3-1012.5 describes when a decision of a civil service commission can be reviewed by this court. *See* Utah Code Ann. § 10-3-1012.5 (LexisNexis 2012). Specifically, only a "final action or order of the commission may be appealed." *Id.* The Utah Supreme Court has outlined a three-part test to determine if an agency action is final:

> (1) Has administrative decisionmaking reached a stage where judicial review will not disrupt the orderly process of adjudication?;
>
> (2) Have rights or obligations been determined or will legal consequences flow from the agency action?; and
>
> (3) Is the agency action, in whole or in part, not preliminary, preparatory, procedural, or intermediate with regard to subsequent agency action?

*Union Pac. R.R. Co. v. State Tax Comm'n*, 2000 UT 40, ¶ 16, 999 P.2d 17.

¶3     The December 13, 2012 order is not final. First, judicial review of the discovery and "pre-trial" order would certainly disrupt the orderly process of adjudication. It would delay final resolution of the proceeding. Second, no rights or obligations have been determined by the Civil Service Commission, which merely defined the scope of discovery and a procedure for the final hearing. Finally, the order is clearly a preliminary, preparatory and procedural order, which anticipates further action by the Civil Service Commission. Therefore, the December 13, 2012 order is not a final order. Accordingly, this court has no jurisdiction to review the order. *See* Utah Code Ann. § 10-3-1012.5. When a court lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).

¶4    Accordingly, the petition for review is dismissed without prejudice to the filing of a timely appeal from a final order.

———————