**2013 UT App 157**

## THE UTAH COURT OF APPEALS

PENTSKIFF INTERPRETING SERVICES,
Petitioner,
*v.*
DEPARTMENT OF HEALTH, DIVISION OF MEDICAID
AND HEALTH FINANCING OFFICE OF FORMAL HEARINGS,
Respondent.

Memorandum Decision
No. 20110824-CA
Filed June 20, 2013

Original Proceeding in this Court

Lonnie Eliason, Attorney for Petitioner
John E. Swallow and Brent A. Burnett, Attorneys
for Respondent

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which J. FREDERIC VOROS JR. concurred. JUDGE
GREGORY K. ORME concurred in the result.

CHRISTIANSEN, Judge:

¶1     Pentskiff Interpreting Services (Pentskiff) seeks review of a
decision by the Utah Department of Health, Division of Medicaid
and Health Financing Office of Formal Hearings (the Division) that
it lacked jurisdiction to review Pentskiff's claims against Healthy
U Managed Health Plan (Healthy U). We conclude that Pentskiff's
petitions to this court were filed prior to any final agency action by
the Division and are therefore premature.[1]

---

1. Even if Pentskiff's petitions for review had been timely filed
following a final agency action, and our jurisdiction thus properly
(continued...)

¶2     On March 28, 2011, Pentskiff filed a hearing request with the Division to consider 226 claims for interpretation services that had not been paid by Healthy U (the first administrative case). Pentskiff's case was dismissed by a Division administrative law judge (ALJ) on August 30, 2011, for lack of jurisdiction. Pentskiff timely sought reconsideration of the ALJ's decision by the Division's deputy director. Before the deputy director issued his response, however, Pentskiff petitioned this court for judicial review on September 19, 2011. On September 30, 2011, the deputy director denied Pentskiff's request for reconsideration, again for lack of jurisdiction, stating, "You will need to seek a judicial forum to resolve your dispute with Healthy U." The deputy director's decision also provided notice of Pentskiff's right to petition for judicial review within thirty days.

¶3     On September 13, 2011, Pentskiff requested another hearing relating to an additional 233 claims that had not been paid by Healthy U (the second administrative case). The ALJ—not the same ALJ who ruled in the first administrative case—dismissed this case on September 16, 2011, for lack of jurisdiction. Pentskiff timely sought reconsideration before the Division's deputy director. Again, before the deputy director issued his response, Pentskiff petitioned this court for judicial review on October 11, 2011. On October 18, 2011, the deputy director denied Pentskiff's request for reconsideration and again advised, "You will need to seek a judicial forum to resolve your dispute with Healthy U." Also, the deputy director provided notice of Pentskiff's right to petition for judicial review within thirty days. Both petitions for judicial review have been consolidated into one case before this court.

---

1. (...continued)
invoked, we would conclude, as we did in *Pentskiff Interpreting Servs. v. Department of Health*, 2013 UT App 156, that the Division "was precluded from exercising jurisdiction over Pentskiff's claim." *Id.* ¶ 8.

¶4 "As a threshold matter, we must determine whether we have jurisdiction" to review Pentskiff's claims. *See Maverik Country Stores, Inc. v. Industrial Comm'n*, 860 P.2d 944, 947 (Utah Ct. App. 1993). Pentskiff filed its petitions for judicial review after the ALJs' decisions, but before resolution of its requests for reconsideration. Thus, we must determine if the ALJs' decisions constitute final agency action.

¶5 Utah Code section 78A-4-103(2) grants judicial review of "a *final* order or decree resulting from . . . a formal adjudicative proceeding of a state agency." Utah Code Ann. § 78A-4-103(2)(a)(i) (LexisNexis 2012) (emphasis added). Additionally, the Utah Administrative Procedure Act provides that "the Court of Appeals has jurisdiction to review all *final* agency action resulting from formal adjudicative proceedings." *Id.* § 63G-4-403(1) (LexisNexis 2011) (emphasis added); *see also id.* § 63G-4-401(1) ("A party aggrieved may obtain judicial review of *final* agency action . . . ." (emphasis added)).

¶6 An agency action is considered final when it meets a three-part inquiry:

> "(1) Has administrative decisionmaking reached a stage where judicial review will not disrupt the orderly process of adjudication?;
>
> (2) Have rights or obligations been determined or will legal consequences flow from the agency action?; and
>
> (3) Is the agency action, in whole or in part, not preliminary, preparatory, procedural, or intermediate with regard to subsequent agency action?"

*Heber Light & Power Co. v. Utah Pub. Serv. Comm'n*, 2010 UT 27, ¶ 7, 231 P.3d 1203 (quoting *Union Pac. R.R. Co. v. Utah State Tax*

*Comm'n*, 2000 UT 40, ¶ 16, 999 P.2d 17). "All three questions must be answered in the affirmative for an order to qualify as final agency action." *Id.*

¶7 Because Pentskiff filed its petitions with this court prior to resolution of the reconsideration requests, we conclude that the ALJs' decisions do not satisfy the three-part test. First, the ALJs' decisions had not "reached a stage where judicial review would not disrupt the orderly process of adjudication." *See id.* At the time Pentskiff filed for judicial review, its requests for reconsideration were pending. The orderly process of adjudication would have been disrupted by having judicial review take place while the Division's deputy director was evaluating the requests for reconsideration. Second, no "rights or obligations" or "legal consequences" could flow from the ALJs' decisions while resolution of the requests for reconsideration were pending. *See id.* Because the deputy director's decision could override any action taken by either ALJ, no legal rights, obligations, or consequences would take effect until the requests for reconsideration were issued. Finally, the ALJs' decisions in this case were "intermediate with regard to subsequent agency action." *See id.* When it requested reconsideration, Pentskiff became obligated to abide by the deputy director's response, thus making the ALJs' decisions an intermediate step subject to subsequent agency action by the deputy director. Because the ALJs' decisions fail to meet the three-part test, they do not constitute final agency action. As a result, Pentskiff's petitions to this court are premature and we lack jurisdiction to review them.

¶8 Our decision is consistent with *McCoy v. Utah Disaster Kleenup*, 2003 UT App 49, 65 P.3d 643. In that case, Utah Disaster Kleenup (Kleenup) filed a petition for review with this court one day before the Utah Labor Commission issued a final order denying Kleenup's request for reconsideration. *See id.* ¶ 8. We noted that the Labor Commission's final order "included a notice that the parties had thirty days from the date of that final order to petition this court for review." *Id.* ¶ 20. Kleenup never filed the

petition for review during that thirty-day window. *Id.* Consequently, because Kleenup's petition was premature, and because Kleenup never filed a subsequent petition during the thirty-day period, we lacked jurisdiction and dismissed. *Id.*

¶9   Like Kleenup, Pentskiff filed petitions for judicial review before the deputy director responded to Pentskiff's requests for reconsideration. Also, Pentskiff never petitioned for judicial review during the thirty-day period following the deputy director's denials. *See* Utah Code Ann. § 63G-4-401(3)(a) (LexisNexis 2011) ("A party shall file a petition for judicial review of final agency action within 30 days.").

¶10   Pentskiff argues that the "request for reconsideration is not a prerequisite for seeking a judicial review which means that the judicial review can be done independently from reconsideration." Pentskiff relies on Utah Code section 63G-4-302(1)(b), which provides, "Unless otherwise provided by statute, the filing of the request [for reconsideration] is not a prerequisite for seeking judicial review of the order." *See id.* § 63G-4-302(1)(b). Though it is true that a request for reconsideration is not a prerequisite for judicial review, Pentskiff mistakenly construes this to mean that judicial review and reconsideration may be pursued at the same time. "Although the step of seeking reconsideration is optional, once reconsideration is initiated, it must be followed through before seeking judicial review." *Rathmann v. Labor Comm'n*, 2011 UT App 110, ¶ 3, 252 P.3d 868 (per curiam) (citing *Maverik Country Stores, Inc. v. Industrial Comm'n*, 860 P.2d 944, 951 (Utah Ct. App. 1993)). Furthermore, we have noted that the availability of a request for reconsideration "does not provide a petitioner the opportunity to pursue both routes concurrently." *See Maverik*, 860 P.2d at 951 n.11. Rather, "a petitioner who decides to file a request for reconsideration no longer has a 'final agency action' from which to appeal. The petitioner must wait until the request is either responded to in writing or denied by operation of law." *Id.* Thus, Pentskiff was obligated to wait to seek review of the ALJs'

decisions until after the deputy director resolved its requests for reconsideration.

¶11    Pentskiff also claims that the Division "intended to cloud and dismiss the matter through distorting the judicial process" by providing misleading appeal instructions. Pentskiff contends that it strictly followed the appeal procedures attached to the ALJs' decisions. However, neither of the appeal procedures outlined by the ALJs provide misleading information.

¶12    With regard to the first administrative case, the appeal instructions state, "Within 30 days after the date that the final agency order *or denial of reconsideration* is issued, you may appeal the order or denial to the Utah Court of Appeals." (Emphasis added.) This language explains that judicial review is only available once reconsideration is denied, if that option is pursued; otherwise, the appeal can directly follow the ALJ decision. Notably, the appeal instructions include a citation to Utah Code section 63G-4-302, which provided that a request for reconsideration is available "if the [agency] order *would otherwise constitute final agency action*." *See* Utah Code Ann. § 63G-4-302(1)(a) (emphasis added). Inclusion of the word "otherwise" means that by filing a request for reconsideration, the original agency order—in this case the ALJ decision—no longer constitutes final agency action. *Maverik,* 860 P.2d at 951 n.11.

¶13    As to the second administrative case, the appeal instructions state, "If a request for reconsideration is filed and denied, a petition may be filed within thirty (30) days of the denial for reconsideration." Though perhaps the appeal instructions could have provided more guidance, there is no indication that the Division "intended to cloud [the] appealing process," as alleged by Pentskiff.

¶14    In conclusion, we determine that the ALJs' dismissals do not constitute final agency actions, because Pentskiff requested reconsideration of those decisions. "Petitioners who choose to take

advantage of the statutory provision that allows them to request reconsideration must thereafter accept the consequences, one of which is that an appeal to the judicial system cannot be made until the agency acts on the request." *Maverik,* 860 P.2d at 951 n.11. Pentskiff's petitions for judicial review were premature and therefore, we lack jurisdiction and must dismiss. *See Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989) ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action.").

————