*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 7**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STACEY AUSTIN JOHNSON,
*Appellant,*

*v.*

OFFICE OF PROFESSIONAL CONDUCT,
*Appellee.*

No. 20150948
Filed February 6, 2017

On Direct Appeal

Fourth District, Provo
The Honorable Fred D. Howard
No. 120400436

Attorneys:

Stacey Austin Johnson, Orem, pro se appellant

Adam C. Bevis, Salt Lake City, for appellee

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE DURHAM, JUSTICE HIMONAS, and JUSTICE PEARCE joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶ 1   Petitioner Stacey Austin Johnson appeals from an attorney discipline order suspending him from the practice of law. We conclude that we lack jurisdiction because Mr. Johnson failed to timely appeal the district court's order, which was final under Utah Rules of Civil Procedure 54 and 58A. We therefore do not consider his appeal on the merits.

¶ 2 Following a formal disciplinary proceeding under rule 14-511 of the Rules of Lawyer Discipline and Disability (RLDD), the district court entered its "Findings of Fact, Conclusions of Law, and Order of Suspension" (Order) on June 15, 2015. On that date, rule 58A of the Utah Rules of Civil Procedure provided that a judgment is "deemed entered for all purposes" when it is "signed by the judge and filed with the clerk."[1] Because the Order was electronically signed by the district court and was filed with the clerk on June 15, 2015, it was final and appealable on that date.

¶ 3 Rule 4 of the Utah Rules of Appellate Procedure provides that a petition for review must be filed within 30 days from the entry of an appealable order. Mr. Johnson's petition, filed 150 days after the district court's Order, was therefore untimely. Accordingly, we lack jurisdiction and do not consider the merits of Mr. Johnson's appeal.

## Background

¶ 4 The Office of Professional Conduct (OPC) filed a formal complaint against Mr. Johnson in district court for alleged violations of the Utah Rules of Professional Conduct. After a two-day bench trial, the court concluded that Mr. Johnson's conduct violated those rules. The district court then held a sanctions hearing to hear evidence of aggravation and mitigation. It later signed and entered its Order on June 15, 2015.

¶ 5 Mr. Johnson took no action until 56 days later, August 10, 2015. On that day, rather than file a notice of appeal or a petition for review, he filed two motions with the district court: an "Application for Stay Pending Review" and a "Motion to Dismiss; or, in the Alternative, Reinstate Appeal Time." The district court denied both motions in an order dated October 13, 2015. Mr. Johnson then filed a petition for review with this court on November 12, 2015, which was 150 days after the court's June 15, 2015 Order.

## Standard of Review

¶ 6 "Because we lack jurisdiction, we do not review the decision of the district court and no standard of review applies."[2]

---

[1] UTAH R. CIV. P. 58A(b), (c) (2015).

[2] *McGibbon v. Farmers Ins. Exch.*, 2015 UT 3, ¶ 6, 345 P.3d 550.

**Analysis**

¶ 7 We lack jurisdiction to hear the merits of Mr. Johnson's appeal because he failed to file a petition for review within 30 days of the entry of the final order. Mr. Johnson admits he failed to file his petition within 30 days of the entry of the district court's Order. He nevertheless argues that his petition is timely because the Order was not final on June 15. We disagree.

¶ 8 "Any discipline order by the district court may be reviewed by the Supreme Court through a petition for review pursuant to the Utah Rules of Appellate Procedure."[3] Under rules 3 and 4 of the appellate rules, a petition for review must be filed within 30 days of any final judgment or order of a district court.[4] The only question here is whether the Order was a final judgment or order. We conclude that it was.

¶ 9 Utah Rules of Civil Procedure 54 and 58A govern the finality of district court orders.[5] Rule 54 defines what constitutes a

---

[3] RLDD 14-511(g). The RLDD also provide "[e]xcept as otherwise provided in [the RLDD], the Utah Rules of Civil Procedure, the Utah Rules of Appellate Procedure governing civil appeals, and the Utah Rules of Evidence apply in formal discipline actions and disability actions." RLDD 14-517(a).

[4] UTAH R. APP. P. 3(a). We note possible confusion over which Utah Rules of Appellate Procedure apply to review of attorney discipline matters. Rule 14 speaks of "petitions for review," which is the term used in RLDD 14-511(g). But rule 14 appears to be tailored to review of agency proceedings. Rules 3 and 4 seem more applicable to review of district court proceedings, but those rules do not mention a "petition for review." We conclude that, because formal disciplinary proceedings occur in district court, rules 3 and 4 govern the timeliness of petitions for review. In any event, under either rule, a notice or petition must be filed within 30 days of the entry of an order from which an appeal lies.

[5] Here, the rules governing finality were amended after the district court entered the Order. *See* UTAH R. CIV. P. 54, 58A (2016). Mr. Johnson argues we should apply the amended version of the rules to determine the Order's finality. But to do so would be contrary to our case law because "we apply the law as it exists at the time of the event regulated by the law in question." *State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829. The law of June 15, 2015, controls the

(Continued)

3

judgment, and rule 58A specifies when such a judgment is deemed entered. Under rule 54, a "judgment" is defined to include "any order from which an appeal lies."[6] As provided in the RLDD, an appeal lies from "[a]ny discipline order."[7] The Order is therefore a judgment. Under former rule 58A, a "judgment is complete and shall be deemed entered for all purposes" when it is "signed by the judge and filed with the clerk."[8]

¶ 10 The Order was electronically signed by the judge on June 15, 2015, and it was filed with the clerk the same day. It was therefore final as of that date.[9] Mr. Johnson did not file his petition for review

---

finality of the Order because it was entered on that date. On June 15, 2015, finality of orders was governed by the former version of Utah Rules of Civil Procedure 54 and 58A, so we apply that version of the rules to determine the Order's finality.

Although Mr. Johnson otherwise relies on the amended version of the rules, he also argues that the Order was not final because it did not comply with the pre-amendment version of Utah Rule of Civil Procedure 7(f)(2) (2015). That rule specified procedural prerequisites for a district court's order disposing of a motion to be final. *See, e.g.*, *Cent. Utah Water Cons. Dist. v. King*, 2013 UT 13, ¶ 15, 297 P.3d 619. We reject the notion that rule 7(f)(2) is applicable to the Order in this case. Each of our rule 7(f)(2) cases has dealt with the finality of a district court order that was based on a party's motion. *See Butler v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints*, 2014 UT 41, ¶ 3, 337 P.3d 280 (order granting motion for summary judgment); *Cent. Utah Water Cons.*, 2013 UT 13, ¶ 1 (order denying motion for new trial); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 2, 201 P.3d 966 (order granting motion for summary judgment); *Code v. Utah Dep't of Health*, 2007 UT 43, ¶ 1, 162 P.3d 1097 (memorandum decision granting motion to dismiss under rule 12(b)(6)). We have never considered a rule 7(f)(2) argument in a context like this one, where there has been a trial and the district court enters an order not based on a motion. We conclude that former rule 7(f)(2) has no application in these circumstances.

[6] UTAH R. CIV. P. 54(a) (2015).

[7] RLDD 14-511(g).

[8] UTAH R. CIV. P. 58A(b), (c) (2015).

[9] Mr. Johnson contended at oral argument that his appeal time should not be deemed to run from June 15, 2015, because the Order provides that his suspension would not be effective until 30 days

(Continued)

until November 12, 2015, much more than 30 days later. His petition is thus untimely, and we lack jurisdiction to hear the merits of his appeal.

## Conclusion

¶ 11 Under the then-applicable versions of Utah Rules of Civil Procedure 54 and 58A, the district court's Order suspending Mr. Johnson was final as of June 15, 2015. Mr. Johnson did not file a petition for review within 30 days, as required by rule 4 of the Utah Rules of Appellate Procedure. We therefore lack jurisdiction to consider the merits of his appeal.

––––––––––––––

from the date of the Order. But this argument is foreclosed by Utah Rule of Appellate Procedure 4(a), which provides that the time for appeal runs from "the date of *entry of the judgment or order* appealed from," and not from the effective date of any sanction contained within that judgment or order. (Emphasis added). The "date of entry of the judgment" is, under Utah Rule of Civil Procedure 58A (2015), June 15, 2015—the date the Order was signed by the judge and filed with the clerk.