*This opinion is subject to revision before final publication in the Pacific Reporter*

**2020 UT 45**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

GAIL L. and MARGARET CHRISTENSEN,
*Appellees,*

*v.*

UTAH STATE TAX COMMISSION,
*Appellant.*

No. 20190115
Heard May 20, 2020
Filed July 6, 2020

On Appeal of Interlocutory Order

Second District, Farmington
The Honorable Judge David M. Connors
No. 180701007

Attorneys:

Paul W. Jones, Holladay, for appellees

Sean D. Reyes, Att'y Gen., Brent A. Burnett, Asst. Solic. Gen.,
Salt Lake City, for appellant

JUSTICE PEARCE authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PETERSEN joined.

JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶1 Gail Christensen did not file Utah tax returns for three years. He believed he did not need to file returns because he thought he would not be considered to be domiciled in Utah while he worked overseas. The Auditing Division of the Utah State Tax Commission disagreed and ordered Mr. Christensen to pay his taxes, as well as interest and penalties. Mr. Christensen challenged that decision. The Utah State Tax Commission

(Commission) has developed a two-part formal process to challenge the results of a tax audit. That process starts with an initial hearing that is followed by a formal hearing in front of the Commission if the taxpayer is unhappy with the result of the initial hearing.

¶2    Mr. Christensen participated in an initial hearing, after which an administrative law judge (ALJ) ordered him to pay taxes and interest but not a penalty. Mr. Christensen did not request a formal hearing before the Commission. By operation of administrative rule, the unchallenged initial hearing order became a binding decision. Mr. Christensen, now joined by his wife, sought review of this order in the district court.

¶3    The Commission moved to dismiss the Christensens's petition arguing that the district court lacked jurisdiction because the Christensens had failed to exhaust their administrative remedies as the Utah Administrative Procedures Act (UAPA) requires. The district court disagreed and denied the motion. We granted the Commission's petition for interlocutory review. We reverse and remand to the district court with instruction to grant the motion and dismiss the Christensens's petition.

## BACKGROUND[1]

¶4    The Commission's Audit Division audited Mr. Christensen after he failed to file Utah income tax returns or pay individual income tax for three years.[2] Mr. Christensen accepted a job that required him to work in the Republic of Angola. The Christensens were issued permanent resident visas in Angola and expressed a desire to live in Katy, Texas when Mr. Christensen's overseas work ended. Mr. Christensen continued to own a home in Utah. The Christensens also held Utah driver licenses and owned a car registered in Utah while they were in Angola. They maintained Utah bank accounts and were registered Utah voters.

---

[1] "When determining whether a trial court properly granted a motion to dismiss, we accept the factual allegations in the complaint as true and consider them, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. . . . We recite the facts accordingly." *Krouse v. Bower*, 2001 UT 28, ¶ 2, 20 P.3d 895 (citation omitted).

[2] It appears from the record that Mr. Christensen was the subject of the audit, but in the district court, both Mr. and Mrs. Christensen filed the petition.

¶5 The audit found that Utah was Mr. Christensen's domicile while he worked in Angola. The Audit Division ordered Mr. Christensen to pay income tax, interest, and a penalty. Mr. Christensen challenged this decision by initiating the formal proceeding the Commission has created by rule.

¶6 The formal proceeding consists of two parts. It begins with an initial hearing, which can be waived. UTAH ADMIN. CODE R861-1A-24(3). The initial hearing takes the form of a conference during which evidence may be presented, but no record is made. *Id.* R861-1A-24(3)(a); *see also* UTAH CODE § 59-1-502.5 (2008).[3] Either a member of the Commission or an ALJ can preside over the hearing. *See* UTAH CODE § 59-1-502.5(1) (2008). If the matter does not settle during that conference, an order is prepared. *See* UTAH CODE § 59-1-502.5(5) (2008); UTAH ADMIN. CODE R861-1A-24(3)(a). A party dissatisfied with the order has thirty days to ask for a formal hearing in front of the Commission. *See id.* R861-1A-24(3)(a)(iv). If the party does not seek that review, the order becomes a final decision of the Commission. *See, e.g.*, UTAH CODE §§ 59-1-503, -504.

¶7 An ALJ presided over Mr. Christensen's initial hearing. At the conclusion of that hearing, the ALJ prepared an "Initial Hearing Order." That order outlined the facts and law and concluded that Utah had been the Christensens's domicile during the years Mr. Christensen did not file tax returns. The ALJ concluded that the Audit Division had properly determined that Mr. Christensen should file returns and pay taxes with interest. But the ALJ also opined that the Commission should waive the

---

[3] We note that the Legislature amended the tax code a few months after the district court's order. It now states that "[a] party has not exhausted the party's administrative remedies in accordance with Section 63G-4-401 unless: (a) the party requests a formal hearing within the time period provided by law; and (b) the commission has issued a final unappealable administrative order." UTAH CODE § 59-1-502.5(7); *see also id.* § 59-1-612. However, we apply the statute as it was at the time the district court ruled on the Commission's motion to dismiss. *See Harvey v. Cedar Hills City*, 2010 UT 12, ¶ 12, 227 P.3d 256 ("As a general rule, when adjudicating a dispute we apply the version of the statute that was in effect 'at the time of the events giving rise to [the] suit.'" (alteration in original) (citation omitted)).

penalty the Audit Division had assessed. Three members of the Commission signed the Initial Hearing Order under a statement that reads, "Based on the foregoing, the Commission sustains the Division's assessment of tax and interest, and waives the penalty. It is so ordered." The order further recites that

> [t]his decision does not limit a party's right to a Formal Hearing. However, this Decision and Order will become the Final Decision and Order of the Commission unless any party to this case files a written request within thirty (30) days of the date of this decision to proceed to a Formal Hearing.

The Commission's order also states that "[f]ailure to request a Formal Hearing will preclude any further appeal rights in this matter."

¶8　The Christensens did not request a formal hearing before the Commission. They contend they would have, but a calendaring mistake prevented them from pursuing that route. Because they believed they had no other option, they sought judicial review of the Initial Hearing Order.

¶9　The Christensens filed a Petition for Judicial Review and Request for Tax Judge. They cited Utah Code section 59-1-601 and requested a trial de novo on whether Utah was their domicile for the relevant tax years, whether they were obligated to file returns, and whether they had income from Utah sources.[4] And they asked the district court, sitting as a tax court, to hold that they were not liable for taxes, penalties, or interest.

¶10　The Commission moved to dismiss the petition, arguing that the district court lacked jurisdiction over the petition. The Commission contended that UAPA mandates that a party "may seek judicial review only after exhausting all administrative remedies." UTAH CODE § 63G-4-401(2). The Commission claimed that by failing to request a formal hearing, the Christensens had left an administrative remedy on the table.[5]

---

[4] Utah Code section 59-1-601(1) provides that "the district court shall have jurisdiction to review by trial de novo all decisions issued by the commission after that date resulting from formal adjudicative proceedings."

[5] The Commission also argued that the petition for judicial review was itself untimely. We conclude that Utah law does not

(continued . . .)

¶11 The district court denied the Commission's motion to dismiss. The district court's reasoning is somewhat murky. But it appears that the district court viewed the Commission's two-part formal proceeding as an informal proceeding followed by a formal proceeding. Dividing the Commission's single proceeding into two distinct parts allowed the district court to reach otherwise unreachable conclusions.

¶12 The district court acknowledged the exhaustion requirement, but it concluded this case qualified for a statutory exception that kicks in when UAPA "or any other statute states that exhaustion is not required." *See id.* § 63G-4-401(2)(a). The district court did not point to a statute that states exhaustion is not required in this circumstance. Instead, it noted that "the statute governing judicial review for tax commission rulings, Utah Code Section . . . 59-1-601, incorporates Utah Code Section 63G-4-402 which allows judicial review by a district court of final agency actions that result from an informal adjudicative proceeding."

¶13 Having sundered, by fiat, the Commission's formal proceeding into two separate proceedings, the district court recharacterized the initial hearing as an informal adjudicative proceeding. The district court then reasoned that because "the statute does not specifically require the taxpayer to seek a formal hearing before seeking judicial review," "the additional step of seeking a formal hearing before the Tax Commission is not required . . . before a taxpayer can seek judicial review of a Tax Commission order issued pursuant to informal adjudicative proceedings." This permitted the district court to conclude that "there is nothing in the statute or any administrative rule cited by the Tax Commission that *requires* the Petitioners to request a formal hearing before the Tax Commission after they have already had an initial hearing before the same commission."

¶14 The Commission seeks interlocutory review of the district court's order.

## ISSUE AND STANDARD OF REVIEW

¶15 The Commission asks us to decide whether the Christensens exhausted their administrative remedies such that

---

permit the Christensens to seek judicial review of an initial hearing order generated by a Commission informal hearing. This moots any concerns about the timeliness of a petition the law does not permit them to file.

the district court could exercise its subject matter jurisdiction to review the Commission's Initial Hearing Order. "Whether a trial court has subject matter jurisdiction presents a question of law, which this Court reviews under a correction of error standard." *In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 10, 266 P.3d 702 (citation omitted) (internal quotation marks omitted). "Similarly, a district court's decision to grant a motion to dismiss presents a question of law that we review for correctness." *Id.* (citation omitted) (internal quotation marks omitted).

**ANALYSIS**

## I. UAPA and the Commission's Rules Governing Exhaustion

¶16 The Commission is an administrative agency. The Utah Administrative Procedures Act governs the way the Commission does business. *See* UTAH CODE § 63G-4-102(1) ("[T]he provisions of this chapter apply to every agency of the state . . . ."). UAPA allows those unhappy with administrative decisions to seek judicial review. *See id.* § 63G-4-401. And the statute unambiguously provides that parties "may seek judicial review *only after exhausting all administrative remedies*." *Id.* § 63G-4-401(2) (emphasis added). So "[a]s a general rule, 'parties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review.'"[6] *Nebeker v. Utah State Tax Comm'n*, 2001 UT 74, ¶ 14, 34 P.3d 180 (citation omitted).

¶17 UAPA gives the Commission the authority to define those administrative remedies. *See* UTAH CODE § 63G-4-102(6). UAPA allows an agency to enact a rule "affecting or governing an adjudicative proceeding" so long as the rule is enacted following the process UAPA outlines and conforms to certain requirements UAPA details. *Id.; see also id.* § 59-1-210(2), (11) (giving the Commission power to, among other things, "adopt rules and policies consistent with the Constitution and laws of this state" and "direct proceedings, actions, and prosecutions to enforce the laws"). "The basic purpose underlying the doctrine of exhaustion

---

[6] UAPA provides certain exceptions to that general rule. A party need not exhaust administrative remedies when 1) a statute provides that exhaustion is not required; 2) administrative remedies are inadequate; or 3) exhaustion of remedies would result in irreparable harm disproportionate from the public benefit derived from exhaustion. UTAH CODE § 63G-4-401(2).

of administrative remedies is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Western Water, LLC v. Olds*, 2008 UT 18, ¶ 18, 184 P.3d 578 (citation omitted) (internal quotation marks omitted).

¶18 With its legislatively granted authority, the Commission has enacted rules governing its proceedings.[7] The Commission has designated all adjudicative proceedings before it as "formal proceedings." UTAH ADMIN. CODE R861-1A-23(1).[8] The Commission has determined that its "formal proceeding includes an initial hearing . . . unless it is waived upon agreement of all parties, and a formal hearing on the record, if the initial hearing is waived or if a party appeals the initial hearing decision." *Id.* R861-1A-24(3). The Commission also mandates that "[a]ny party dissatisfied with the result of the initial hearing must file a timely request for a formal hearing before pursuing judicial review of unsettled matters." *Id.* R861-1A-24(3)(a)(iv).

¶19 Simply stated, pursuant to UAPA and the Commission's rules, any party that has participated in an initial hearing and is unhappy with the results of that hearing must timely request a formal hearing before seeking judicial review. If a party fails to do this, it fails to exhaust its administrative remedies.

## II. The District Court Erred in Determining that the Christensens Had Exhausted Their Administrative Remedies

¶20 But that is not how the district court saw the world. To reach the contrary conclusion, the district court focused its

---

[7] The Christensens do not challenge the Commission's ability to enact the rules creating the administrative review process. Nor do they challenge those rules as arbitrary, capricious, or an abuse of the Commission's authority. *See* UTAH CODE § 63G-4-403(4)(h) (providing relief if the petitioner has been substantially prejudiced by, among other things, an abuse of agency discretion or if the agency action is otherwise arbitrary or capricious).

[8] "Since state administrative rules are implemented pursuant to statutory authority and have the force and effect of law, we consider them as we would statutory sources." *Robinson v. State*, 2001 UT 21, ¶ 8, n.1, 20 P.3d 396 (citation omitted).

attention on its authority to review final agency actions. The district court relied on Utah Code section 63G-4-402(1)(a), which gives the district court "jurisdiction to review by trial de novo all final agency actions resulting from informal adjudicative proceedings." It further relied on section 59-1-601(1), which provides that district courts also "have jurisdiction to review by trial de novo all decisions issued by the [C]ommission."

¶21 The district court then noted that Utah Code section 59-1-601 incorporates section 63G-4-402. The district court added this up to support its conclusion that this invested the district court with the authority to review "all final agency actions resulting from informal or formal adjudicative proceedings."

¶22 The district court then acknowledged UAPA's exhaustion requirement but focused on the exception to that requirement that applies when UAPA "or any other statute states that exhaustion is not required." *See* UTAH CODE § 63G-4-401(2)(a). The district court reasoned that Utah Code section 59-1-601, which gives district courts jurisdiction to review all final Commission orders, "does not specifically require the taxpayer to seek a formal hearing before seeking judicial review." This inspired the district court to find that "the additional step of seeking a formal hearing before the Tax Commission is not required under the revenue and taxation statute before a taxpayer can seek judicial review." This was error.

¶23 Administrative Rule R861-1A-23(1) designates all Commission proceedings as formal proceedings. That rule explicitly provides that the formal proceeding "*includes* an initial hearing . . . and a formal hearing on the record." UTAH ADMIN. CODE R861-1A-24(3) (emphasis added). A party can waive the initial hearing, but if it attends that hearing, it is stuck with the initial hearing order it generates unless it requests a formal hearing before the Commission. *Id.* The rule mandates that any "party dissatisfied with the result of the initial hearing must file a timely request for a formal hearing before pursuing judicial review of unsettled matters." *Id.* R861-1A-24(3)(a)(iv). In other words, by rule, the initial hearing is the first step of the Commission's formal proceeding, but it becomes the last step if a party does not seek review of the initial hearing order before the Commission.

¶24 The district court disregarded this rule. Rather than apply the text that plainly provides that the "formal proceeding includes an initial hearing" the district court peered behind the curtain to

make its own assessment of the Commission's process. The district court concluded that the initial hearing "certainly appears to this Court to be more in the nature of an informal adjudicative proceeding." The district may have had a point—the initial hearing does appear to have the look and feel of an informal proceeding—but that was not a point UAPA allows the district court to make. The Commission has designated its entire process as a formal proceeding, and the Christensens did not challenge the Commission's rule as arbitrary, capricious, or an abuse of its discretion. *See* UTAH CODE § 63G-4-403(4)(h). With no challenge to the rule before it, the district court was obligated to apply the rule as written. The written rule plainly provides that the initial hearing is one part of the formal proceeding and not an alternative, stand-alone process. *See* UTAH ADMIN. CODE R861-1A-24(3).

¶25  The rest of the district court's errors flow naturally from this one. Having decided that the Commission's two-part formal proceeding was really two separate proceedings, an informal-like proceeding followed by a formal proceeding, the district court concluded that it had jurisdiction to review the Christensens's petition of an Initial Hearing Order that became final only because the Christensens stopped participating in the administrative review process. *See* UTAH CODE § 63G-4-402(1)(a). This reasoning is wholly incompatible with an exhaustion requirement.

¶26 And it concluded, again erroneously, that the Christensens qualified for an exception to exhaustion. The district court honed in on the exception that applies when a statute provides that no exhaustion is required. And it reasoned that "there is nothing in the statute or any administrative rule cited by the Tax Commission that *requires* the [Christensens] to request a formal hearing before the Tax Commission after they have already had an initial hearing before the same commission." The district court's reading turned the exception on its head. The district court transformed an exception that adheres when a petitioner can point to a statute that says she does not need to exhaust her remedies into an exception that applies when the petitioner argues the absence of an additional statute telling her that she must. That is not what the statute says.

¶27 Properly read, the administrative rule required the Christensens to participate in a formal hearing before the Commission to exhaust their remedies. The Christensens concede they did not file a request for a formal hearing with the Commission within thirty days of the Initial Hearing Order. In

effect, they abandoned the Commission's process partway through. Consequently, they were not entitled to seek judicial review. The district court should have granted the Commission's motion to dismiss.

¶28 Before us, the Christensens advance three arguments. First, they argue that there is a distinction between "subject matter jurisdiction" and "claim processing rules" and that the exhaustion requirement is a claim processing rule. They further argue this distinction gives the district court authority to exercise jurisdiction in this case.

¶29 The Christensens primarily rely on *Kontrick v. Ryan*, 540 U.S. 443 (2004), to make their point. In *Kontrick*, a creditor in a Chapter 7 bankruptcy filed an untimely pleading objecting to the discharge of certain debts. *Id.* at 446. But the debtor did not promptly move to dismiss the creditor's pleading as untimely. *Id.* The question the United States Supreme Court addressed was whether the creditor's failure to object within the time provided by rule divested the bankruptcy court of jurisdiction to hear the objection. *Id.* at 452. If the rule setting the time for a creditor to object implicated the court's subject matter jurisdiction, then it could be raised at any time. If, on the other hand, the time bar was a claim processing rule, the debtor could waive its right to object. The Supreme Court concluded that the filing deadlines the bankruptcy rules described were "claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." *Id.* at 454. Thus, the objection could be waived. *Id.* at 459.

¶30 *Kontrick* does not support the argument the Christensens make. Assuming, for the sake of argument, that the Christensens are right and that the exhaustion-of-administrative-remedies requirement is a claim processing rule, and further assuming that we would adopt the United States Supreme Court's rubric if given the opportunity, the Christensens would still lose.[9] *Kontrick*

---

[9] Prior to *Kontrick*, we held that "parties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review." *Hous. Auth. of Cty. of Salt Lake v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724 (citation omitted). And that where "this precondition to suit is not satisfied, courts lack subject matter jurisdiction." *Id.* We further held that the jurisdictional issue "may be raised at any time because such issues determine whether a

(continued . . .)

instructs that a defense based upon a failure to comply with a claim processing rule can be waived. *Id.* at 458–59. Here, it is undisputed that the Commission raised the issue in its responsive pleading. In other words, the Commission did the opposite of waiving; it raised the exhaustion question at the first available opportunity. *Kontrick* simply does not help the Christensens.

¶31 The Christensens next contend that Utah Code section 59-1-601 does not require exhaustion. The Christensens cling to the language in that section that states, "the district court shall have jurisdiction to review by trial de novo *all decisions issued by the commission* . . . ." UTAH CODE § 59-1-601(1) (emphasis added). Because, the Christensens contend, this section covers both formal and informal orders of the Commission, it is "clear that district courts have jurisdiction to review . . . final agency actions of the [Commission] arising from informal adjudicative proceedings."

¶32 There are two problems with this argument. As stated above, the initial hearing is part of the larger formal proceeding which includes an initial hearing and a formal hearing. The Christensens were not free to abandon the Commission's formal process partway through and then contend that they had exhausted their remedies by participating in part of the process.

¶33 Moreover, the Christensens's argument conflates jurisdiction with the ability to exercise jurisdiction. We have distinguished a lack of jurisdiction from an inability to exercise that jurisdiction. For example, we have treated appellate deadlines as jurisdictional. *See, e.g.*, *Johnson v. Office of Prof'l Conduct*, 2017 UT 7, ¶ 10, 391 P.3d 208 (holding we lacked jurisdiction when a petition was filed after the thirty-day deadline); *Union Pac. R.R. Co. v. Utah State Tax Comm'n*, 2000 UT 40, ¶ 25, 999 P.2d 17 (holding the petition for judicial review was untimely and deprived the court of jurisdiction). And we have said that failure to file a timely notice of appeal prevents us from exercising jurisdiction. *Osguthorpe v. ASC Utah, Inc.*, 2015 UT 89, ¶ 29, 365 P.3d 1201. When we turn away an untimely filed appeal because we do not have jurisdiction to hear it, we are not denying that the Utah Constitution gives us jurisdiction over appeals, rather "we are granting jurisdictional effect to our own rules of

---

court has authority to address the merits of a particular case." *Id.* The Christensens have not asked us to revisit that case law in light of *Kontrick*.

procedure." *Utah v. Boyden*, 2019 UT 11, ¶ 41, 441 P.3d 737 (citation omitted) (internal quotation marks omitted). We know that this "jurisdictional principle is not of constitutional origin" but is "subject to overrides or exceptions set forth in our case law and in our rules of procedure." *Id.* (citation omitted) (internal quotation marks omitted).

¶34 Similarly, here the grant of jurisdiction to the district court to review Commission decisions does not mean that the Legislature cannot put restraints on the exercise of that jurisdiction. UAPA dictates when the district court can exercise its jurisdiction and entertain a petition for judicial review. *See* UTAH CODE § 63G-4-401. UAPA further dictates that the district court can exercise its jurisdiction to review a Commission decision only after the petitioner has exhausted the available administrative remedies (unless an exception applies). *Id.* § 63G-4-401(2). This does not, as the Christensens argue, improperly divest the court of its jurisdiction.

¶35  Lastly, the Christensens argue that they qualify for one of the statutory exceptions to the exhaustion requirement. UAPA outlines three circumstances when a party need not exhaust all administrative remedies: 1) when a statute provides that exhaustion is not required; 2) when administrative remedies are inadequate; and 3) when exhaustion of remedies would result in irreparable harm disproportionate from the public benefit derived from exhaustion. UTAH CODE § 63G-4-401(2).

¶36 The Christensens argue that they are excepted from the exhaustion requirement under the third exception. They claim that requiring exhaustion "would result in irreparable harm because [they] would be forever precluded from appealing just because of an inadvertent error that caused a deadline to be missed." We are not persuaded and agree with the Commission's response. Any irreparable harm was "not caused by the Tax Commission's procedures, but by the Christensens failure to follow [them]. To accept their argument would mean that no one would need to exhaust their available remedies."

## CONCLUSION

¶37 The Christensens did not exhaust their administrative remedies prior to seeking judicial review. The district court erred when it denied the Commission's motion to dismiss. We reverse.